IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| **SURFCAST, INC.,**<br><br>              Plaintiff,<br><br>   v.<br><br>**MICROSOFT CORPORATION**,<br><br>              Defendant. | Case No. 6:21-cv-1018 |

## COMPLAINT

Plaintiff SurfCast, Inc. ("SurfCast"), by and through its attorneys, files this Complaint for Patent Infringement against Defendant Microsoft Corporation ("Microsoft"), hereby alleges as follows:

## NATURE OF THE ACTION

1.      This is an action brought by SurfCast for infringement of U.S. Patent No. 9,032,317 (the "'317 patent"); U.S. Patent No. 9,043,712 (the "'712 patent"); U.S. Patent No. 9,363,338 (the "'338 patent"); and U.S. Patent No. 9,946,434 (the "'434 patent") (collectively, the "Asserted Patents"), arising under the patent laws of the United States, Title 35, United States Code, 35 U.S.C. §§ 271 and 281.

## PARTIES

2.      SurfCast is a corporation organized and existing under the laws of the State of Delaware with its principal place of business at 1 Belfast Road, Lincolnville, ME 04849.

3.      On information and belief, Microsoft is a corporation organized and existing under the laws of the State of Washington, with its corporate headquarters at One Microsoft Way,

Redmond, WA 98052.  Microsoft may be served with process through its registered agent, the Corporation Service Company, at 211 East 7th Street, Suite 620, Austin, Texas 78701.

## JURISDICTION AND VENUE

4.     This action arises under the patent laws of the United States, 35 U.S.C. §§ 100 *et seq.*, and this Court has jurisdiction over the subject matter of this action under 28 U.S.C. §§ 1331 and 1338(a).

5.     This Court has personal jurisdiction over Defendant in this action because Defendant has committed acts within this Federal Judicial District giving rise to this action, and has established minimum contacts with this forum such that the exercise of jurisdiction over Defendant would not offend traditional notions of fair play and substantial justice.  Defendant, directly and through subsidiaries or intermediaries, has committed and continues to commit acts of infringement in this Federal Judicial District by, among other things, importing, offering to sell, and selling products and services that infringe the Asserted Patents.

6.     Venue is proper in this Court under 28 U.S.C. §§ 1391 and 1400(b).

7.     Upon information and belief, Microsoft has committed infringing acts in this Federal Judicial District by making, using, offering for sale, selling, or importing products or services that infringe the Asserted Patents (as defined herein), or by inducing others to infringe the Asserted Patents.

8.     Upon information and belief, Microsoft has a regular and established physical presence in this Federal Judicial District, including, but not limited to, ownership of or control over property, inventory, or infrastructure.  Microsoft maintains offices in this Federal Judicial District, including, but not limited to, locations at 10900 Stonelake Boulevard, Suite 225, Austin,

Texas 78759;[1]  Concord Park II, 401 East Sonterra Boulevard, Suite 300, San Antonio, Texas 78258;[2] 5150 Rogers Road, San Antonio, Texas 78251;  5200 Rogers Road, San Antonio, Texas 78251;[3]  and 3823 Wiseman Blvd, San Antonio, Texas 78251,[4] each of which lie within this Federal Judicial District.  On information and belief, Microsoft has been registered to do business in the state of Texas under Texas Secretary of State file number 0010404606 since approximately March, 1987.

9.      In other recent actions, Microsoft has either admitted or not contested that this Federal Judicial District is a proper venue for patent infringement actions against it.  *See, e.g., Thompson v. Microsoft Corp.*, No. 1:19-cv-00680-RP, Dkt. No. 6;  *Panther Innovations v. Microsoft Corp.*, No. 6-20-cv-01071, Dkt. No. 14;  *Exafer Ltd. v. Microsoft Corp.*, No. 1-20-cv-00131, Dkt. No. 15;  *WSOU Investments, LLC v. Microsoft Corp.*, No. 20-cv-00464, Dkt. No. 20;  *Zeroclick, LLC v. Microsoft Corp.*, No. 20-cv-00272, Dkt. No. 14; and *California Institute of Technology v. Microsoft Corp.*, No. 21-cv-00276, Dkt. No. 22.

## FACTUAL BACKGROUND

10.      U.S. Patent No. 9,032,317 is titled "System and Method For Simultaneous Display of Multiple Information Sources," which the U.S. Patent and Trademark Office duly and legally issued on May 12, 2015.  A true and correct copy of the '317 patent is attached hereto as Exhibit A.

---

[1] *See* https://news.microsoft.com/2000/01/05/microsoft-opens-austin-texas-facility/ (last accessed September 27, 2021).

[2] *See* https://www.microsoft.com/en-us/about/officelocator?Location=78258 (last accessed September 27, 2021).

[3] *See* https://www.datacenterhawk.com/providers/microsoft-azure (last accessed September 27, 2021).

[4] *See* https://www.virtualbox.com/industry-news/san-antonio-microsoft-reaches-mid-point-on-86m-expansion-in-westover-hills/ (last accessed September 27, 2021).

11.     U.S. Patent No. 9,043,712 is entitled "System and Method For Simultaneous Display of Multiple Information Sources," which the U.S. Patent and Trademark Office duly and legally issued on May 26, 2015.  A true and correct copy of the '712 patent is attached hereto as Exhibit B.

12.     U.S. Patent No. 9,363,338 is entitled "System and Method For Simultaneous Display of Multiple Information Sources," which the U.S. Patent and Trademark Office duly and legally issued on June 7, 2016.  A true and correct copy of the '338 patent is attached hereto as Exhibit C.

13.     U.S. Patent No. 9,946,434 is entitled "System and Method For Simultaneous Display of Multiple Information Sources," which the U.S. Patent and Trademark Office duly and legally issued on April 17, 2018.  A true and correct copy of the '434 patent is attached hereto as Exhibit D.

14.     Ovid Santoro, Klaus Lagermann, and Tom Dechaene (collectively "the inventors") are the inventors of each of the Asserted Patents.

15.     By virtue of inventor Ovid Santoro's July 29, 2008 assignment, inventor Tom Dechaene's December 22, 2008 assignment, and inventor Klaus Lagermann's October 30, 2012 assignment, SurfCast obtained all rights, title, and interest in the inventions of each of the Asserted Patents.

16.     The claims of the Asserted Patents are valid and enforceable.

17.     As described in more detail below, Microsoft infringes the Asserted Patents by making, using, selling, and offering to sell devices and software products including operating systems for personal computers, phones, tablet devices, other hardware, mobile devices with the Windows Phone 7 Operating System ("the Windows Phone 7 Products"), the Microsoft Surface

with the Windows RT Operating System, and the Xbox One, such operating systems including Microsoft Windows 8, Microsoft Windows 8 Pro, and Microsoft Windows 8 Enterprise Operating System (the "Windows 8 Accused Products"); Microsoft Windows 8.1, Microsoft Windows 8.1 Pro, and Microsoft Windows 8.1 Enterprise Operating System (the "Windows 8.1 Accused Products"); and Microsoft Windows 10, Microsoft Windows 10 Pro, and Microsoft Windows 10 Enterprise Operating System (the "Windows 10 Accused Products"), and personal computers implementing the Windows 8 Accused Products, the Windows 8.1 Accused Products, and the Windows 10 Accused Products, and all like products, collectively "the Accused Products," in Texas and throughout the United States.

18.     The Accused Products employ a display with a user interface described by Microsoft as follows: "Tiles are the representation of your app on the Start screen. Selecting a tile launches its app. The content shown on your tile can, and ideally should, change regularly, especially if your tile can communicate new, real-time information to your user. Tiles can show a combination of text and images, and a badge to show status."  (https://docs.microsoft.com/en-us/previous-versions/windows/apps/hh779725(v=win.10); attached hereto as Exhibit E).

19.     On information and belief, on or about July 15, 2015, Microsoft began making, using, offering for sale, and selling the Windows 10 Accused Products in Texas and throughout the United States.

20.     On information and belief, on or about August 27, 2013, Microsoft began making, using, offering for sale, and selling the Windows 8.1 Accused Products in Texas and throughout the United States.

21.     On information and belief, on or about November 22, 2013, Microsoft began making, using, offering for sale, and selling the Xbox One in Texas and throughout the United States.

22.     On information and belief, on or about October 26, 2012, Microsoft began making, using, offering for sale, and selling the Windows 8 Accused Products in Texas and throughout the United States.

23.     On information and belief, on or about November 8, 2010, Microsoft began offering for sale and selling the Windows Phone 7 Products in Texas and throughout the United States.

## COUNT I (THE '317 PATENT)

24.     Each of the proceeding paragraphs 1 to 23 is incorporated as if fully set forth herein.

25.     Microsoft's use, importation, manufacture, offer to sell, and/or sale of the Accused Products constitutes direct infringement of one or more of the claims of the '317 patent under 35 U.S.C. § 271(a), including but not limited to claims 1, 5, 12, and 16.

26.     SurfCast has been injured and continues to be injured by Microsoft's use, importation, manufacture, offer to sell, and/or sale of the Accused Products.

27.     Microsoft is the assignee of U.S. Patent No. 7,933,632, entitled "Tile Space User Interface for Mobile Devices," (the "'632 patent") the abstract of which describes "a user interface for mobile devices enable data and services available through the mobile device to be represented as a set of tiles maintained in a display space.  The tiles provide a snapshot of the current state of content available through the mobile device without requiring any interaction by the user.  The tiles and display space are customizable and can be dynamically updated to display content to a user.  In addition, tiles can provide functionality, including simple tasks to a user without requiring the user to navigate away from the tile display space."  During prosecution of the application that

issued as the '632 patent, the Patent Examiner cited U.S. Patent No. 6,724,403 (the "'403 patent"), from which the '317 patent claims priority and which the '317 patent incorporates by reference the entirety of, as relevant prior art as part of a Non-Final Rejection dated April 21, 2009.  *See* Exhibit F, File History of U.S. Patent No. 7,933,632 at Notice of References Cited, p. 2 of 4 (Part of Paper No. 20090414); *see also* Exhibit G, '632 Patent at page 2.  Accordingly, Microsoft had knowledge of at least the '403 patent at least as early as April 21, 2009.  Furthermore, SurfCast filed suit against Microsoft for patent infringement of the '403 patent on October 30, 2012.  Based on similarities between the '403 patent and the '317 patent as well as priority of the '403 patent to the '317 patent, Microsoft should have known that it infringed the '317 patent at least as early as June 13, 2013. In any event, SurfCast provided direct notice of Microsoft's infringement of the '317 patent to Microsoft by letter dated September 30, 2021 and delivered prior to the filing of the Complaint.

28.     Through the conduct alleged above, Microsoft actively and knowingly induced and will induce its customers and users of its Accused Products for whom Microsoft markets, offers to sell, sells, and distributes its operating systems, including the Windows 8 Accused Products, the Windows 8.1 Accused Products, the Windows 10 Accused products, to directly infringe one or more claims of the '317 patent, including but not limited to claims 1, 5, 12, and 16 of the '317 patent.  For example, Microsoft instructs its customers to use the Accused Products and its "live tiles" in order that "[t]he content shown on your tile can, and ideally should, change regularly, especially if your tile can communicate new, real-time information to your user." *See, e.g.*, Exhibit E.

29.     Microsoft also instructs developers how to write applications that, when downloaded through the Windows Store and used on an Accused Product, directly infringe one or

more claims of the '317 patent, including but not limited to claims 1, 5, 12, and 16 of the '317 patent. For example, Microsoft instructs that "app tiles … are the Start screen tiles that represent and launch your app. An app tile is more than a big icon; it has the ability to display a continuously changing set of content that can be used to keep the user aware of events associated with that app (such as new social networking posts, new news headlines, or stock quotes) when the app is not running. A tile notification can originate either from a local API call or from the cloud." Exhibit H, "Tile and Tile Notification Overview (Windows Store Apps)," available at http://msdn.microsoft.com/en-US/library/windows/apps/hh779724. Microsoft further instructs that, in accordance with one or more claims of the '317 patent, including but not limited to claims 1, 5, 12, and 16, "[t]here are 4 ways that an app can update its tile (see Choosing a notification delivery method in the Dev Center). Apps can use local notifications to update their tile, which is useful if info changes while the app is running. Apps can schedule tile and toast updates to happen at precise times. Also, apps can use push or polling tile notifications to update their tiles from the cloud while they are not running. Polling is great for low-frequency broadcast content. Push is great for sending toast notifications, which need to arrive immediately, or tile updates that are targeted to individual users." Exhibit I, "Creating a Great Tile Experience (Part 2)," (Apr. 18, 2012) available at http://blogs.msdn.com/b/windowsappdev/archive/2012/04/18/creating-a-great-tile-experience-part-2.aspx.

30. Microsoft's knowing and active inducement of users and customers to directly infringe the '317 patent constitutes inducing infringement of one or more of the claims of the '317 patent under 35 U.S.C. § 271(b), including but not limited to claims 1, 5, 12, and 16 of the '317 patent.

31.     SurfCast has been and continues to be injured and damaged by Microsoft's knowing and active inducement of users and customers to directly infringe the '317 patent.

32.     Through the sale, marketing, and distribution of the Accused Products, Microsoft has contributed and continues to contribute to the infringement of one or more claims of the '317 patent by users and customers for whom Microsoft markets, offers to sell, sells, and distributes the Accused Products and will continue to do so, knowing the same to be especially made or especially adapted for use in an infringement of the '317 patent.

33.     Upon information and belief, none of the Accused Products are a staple article or commodity of commerce suitable for substantial noninfringing use.

34.     Microsoft's contribution to the infringement of the '317 patent by users and customers constitutes contributory infringement of one or more of the claims of the '317 patent under 35 U.S.C. § 271(c), including but not limited to claims 1, 5, 12, and 16 of the '317 patent.

35.     SurfCast has been and continues to be injured and damaged by Microsoft's contribution to the infringement of the '317 patent by users and customers.

36.     Microsoft's continued use, manufacture, importation, sale, and/or offering to sell the Accused Products with knowledge of the '317 patent constitutes willful infringement of one or more of the claims of the '317 patent.

37.     SurfCast has been and continues to be injured and damaged by Microsoft's willful infringement of the '317 patent.

## **COUNT II (THE '712 PATENT)**

38.     Each of the proceeding paragraphs 1 to 37 is incorporated as if fully set forth herein.

39.     Microsoft's use, importation, manufacture, offer to sell, and/or sale of the Accused Products constitutes direct infringement of one or more of the claims of the '712 patent under 35 U.S.C. § 271(a), including but not limited to claims 1 and 3.

40.     SurfCast has been injured and continues to be injured by Microsoft's use, importation, manufacture, offer to sell, and/or sale of the Accused Products.

41.     Microsoft is the assignee of U.S. Patent No. 7,933,632, entitled "Tile Space User Interface for Mobile Devices," (the "'632 patent") the abstract of which describes "a user interface for mobile devices enable data and services available through the mobile device to be represented as a set of tiles maintained in a display space.  The tiles provide a snapshot of the current state of content available through the mobile device without requiring any interaction by the user.  The tiles and display space are customizable and can be dynamically updated to display content to a user.  In addition, tiles can provide functionality, including simple tasks to a user without requiring the user to navigate away from the tile display space."  During prosecution of the application that issued as the '632 patent, the Patent Examiner cited U.S. Patent No. 6,724,402 (the "'403 patent"), from which the '712 patent claims priority and which the '712 patent incorporates by reference the entirety of, as relevant prior art as part of a Non-Final Rejection dated April 21, 2009.  *See* Exhibit F, File History of U.S. Patent No. 7,933,632 at Notice of References Cited, p. 2 of 4 (Part of Paper No. 20090414); *see also* Exhibit G, '632 Patent at page 2.  Accordingly, Microsoft had knowledge of at least the '403 patent at least as early as April 21, 2009.  Furthermore, SurfCast filed suit against Microsoft for patent infringement of the '403 patent on October 30, 2012.  Based on similarities between the '403 patent and the '712 patent as well as priority of the '403 patent to the '712 patent, Microsoft should have known that it infringed the '712 patent at least as early as May 17, 2012. In any event, SurfCast provided direct notice of Microsoft's infringement of the '712

patent to Microsoft by letter dated September 30, 2021 and delivered prior to the filing of the Complaint.

42.     Through the conduct alleged above, Microsoft actively and knowingly induced and will induce its customers and users of its Accused Products for whom Microsoft markets, offers to sell, sells, and distributes its operating systems, including the Windows 8 Accused Products, the Windows 8.1 Accused Products, the Windows 10 Accused products, to directly infringe one or more claims of the '712 patent, including but not limited to claims 1 and 3 of the '712 patent.  For example, Microsoft instructs its customers to use the Accused Products and its "live tiles" in order that "[t]he content shown on your tile can, and ideally should, change regularly, especially if your tile can communicate new, real-time information to your user." *See, e.g.*, Exhibit E.

43.     Microsoft also instructs developers how to write applications that, when downloaded through the Windows Store and used on an Accused Product, directly infringe one or more claims of the '712 patent, including but not limited to claims 1 and 3 of the '712 patent.  For example, Microsoft instructs that "app tiles … are the Start screen tiles that represent and launch your app.  An app tile is more than a big icon; it has the ability to display a continuously changing set of content that can be used to keep the user aware of events associated with that app (such as new social networking posts, new news headlines, or stock quotes) when the app is not running. A tile notification can originate either from a local API call or from the cloud."  Exhibit H, "Tile and Tile Notification Overview (Windows Store Apps)," available at http://msdn.microsoft.com/en-US/library/windows/apps/hh779724.   Microsoft further instructs that, in accordance with one or more claims of the '712 patent, including but not limited to claims 1 and 3, "[t]here are 4 ways that an app can update its tile (see Choosing a notification delivery method in the Dev Center).  Apps can use local notifications to update their tile, which is useful if

info changes while the app is running. Apps can schedule tile and toast updates to happen at precise times. Also, apps can use push or polling tile notifications to update their tiles from the cloud while they are not running. Polling is great for low-frequency broadcast content. Push is great for sending toast notifications, which need to arrive immediately, or tile updates that are targeted to individual users." Exhibit I, "Creating a Great Tile Experience (Part 2)," (Apr. 18, 2012) available at http://blogs.msdn.com/b/windowsappdev/archive/2012/04/18/creating-a-great-tile-experience-part-2.aspx.

44.    Microsoft's knowing and active inducement of users and customers to directly infringe the '712 patent constitutes inducing infringement of one or more of the claims of the '712 patent under 35 U.S.C. § 271(b), including but not limited to claims 1 and 3 of the '712 patent.

45.    SurfCast has been and continues to be injured and damaged by Microsoft's knowing and active inducement of users and customers to directly infringe the '712 patent.

46.    Through the sale, marketing, and distribution of the Accused Products, Microsoft has contributed and continues to contribute to the infringement of one or more claims of the '712 patent by users and customers for whom Microsoft markets, offers to sell, sells, and distributes the Accused Products and will continue to do so, knowing the same to be especially made or especially adapted for use in an infringement of the '712 patent.

47.    Upon information and belief, none of the Accused Products are a staple article or commodity of commerce suitable for substantial noninfringing use.

48.    Microsoft's contribution to the infringement of the '712 patent by users and customers constitutes contributory infringement of one or more of the claims of the '712 patent under 35 U.S.C. § 271(c), including but not limited to claims 1 and 3 of the '712 patent.

49.     SurfCast has been and continues to be injured and damaged by Microsoft's contribution to the infringement of the '712 patent by users and customers.

50.     Microsoft's continued use, importation, manufacture, offer to sell, and/or sale of the Accused Products with knowledge of the '712 patent constitutes willful infringement of one or more of the claims of the '712 patent.

51.     SurfCast has been and continues to be injured and damaged by Microsoft's willful infringement of the '712 patent.

## COUNT III (THE '338 PATENT)

52.     Each of the proceeding paragraphs 1 to 51 is incorporated as if fully set forth herein.

53.     Microsoft's use, importation, manufacture, offer to sell, and/or sale of the Accused Products constitutes direct infringement of one or more of the claims of the '338 patent under 35 U.S.C. § 271(a), including but not limited to claims 1 and 9.

54.     SurfCast has been injured and continues to be injured by Microsoft's use, importation, manufacture, offer to sell, and/or sale of the Accused Products.

55.     Microsoft is the assignee of U.S. Patent No. 7,933,632, entitled "Tile Space User Interface for Mobile Devices," (the "'632 patent") the abstract of which describes "a user interface for mobile devices enable data and services available through the mobile device to be represented as a set of tiles maintained in a display space.  The tiles provide a snapshot of the current state of content available through the mobile device without requiring any interaction by the user.  The tiles and display space are customizable and can be dynamically updated to display content to a user.  In addition, tiles can provide functionality, including simple tasks to a user without requiring the user to navigate away from the tile display space."  During prosecution of the application that issued as the '632 patent, the Patent Examiner cited U.S. Patent No. 6,724,402 (the "'403 patent"),

from which the '338 patent claims priority and which the '338 patent incorporates by reference the entirety of, as relevant prior art as part of a Non-Final Rejection dated April 21, 2009. *See* Exhibit F, File History of U.S. Patent No. 7,933,632 at Notice of References Cited, p. 2 of 4 (Part of Paper No. 20090414); *see also* Exhibit G, '632 Patent at page 2. Accordingly, Microsoft had knowledge of at least the '403 patent at least as early as April 21, 2009. Furthermore, SurfCast filed suit against Microsoft for patent infringement of the '403 patent on October 30, 2012. Based on similarities between the '403 patent and the '338 patent as well as priority of the '403 patent to the '338 patent, Microsoft should have known that it infringed the '338 patent at least as early as September 10, 2015. In any event, SurfCast provided direct notice of Microsoft's infringement of the '338 patent to Microsoft by letter dated September 30, 2021 and delivered prior to the filing of the Complaint.

56.     Through the conduct alleged above, Microsoft actively and knowingly induced and will induce its customers and users of its Accused Products for whom Microsoft markets, offers to sell, sells, and distributes its operating systems, including the Windows 8 Accused Products, the Windows 8.1 Accused Products, the Windows 10 Accused products, to directly infringe one or more claims of the '338 patent, including but not limited to claims 1 and 9 of the '338 patent. For example, Microsoft instructs its customers to use the Accused Products and its "live tiles" in order that "[t]he content shown on your tile can, and ideally should, change regularly, especially if your tile can communicate new, real-time information to your user." *See, e.g.*, Exhibit E.

57.     Microsoft also instructs developers how to write applications that, when downloaded through the Windows Store and used on an Accused Product, directly infringe one or more claims of the '338 patent, including but not limited to claims 1 and 9 of the '338 patent. For example, Microsoft instructs that "app tiles … are the Start screen tiles that represent and launch

your app.  An app tile is more than a big icon; it has the ability to display a continuously changing set of content that can be used to keep the user aware of events associated with that app (such as new social networking posts, new news headlines, or stock quotes) when the app is not running. A tile notification can originate either from a local API call or from the cloud."  Exhibit H, "Tile and Tile Notification Overview (Windows Store Apps)," available at http://msdn.microsoft.com/en-US/library/windows/apps/hh779724.   Microsoft further instructs that, in accordance with one or more claims of the '338 patent, including but not limited to claims 1 and 9, "[t]here are 4 ways that an app can update its tile (see Choosing a notification delivery method in the Dev Center.  Apps can use local notifications to update their tile, which is useful if info changes while the app is running.  Apps can schedule tile and toast updates to happen at precise times.  Also, apps can use push or polling tile notifications to update their tiles from the cloud while they are not running.  Polling is great for low-frequency broadcast content.  Push is great for sending toast notifications, which need to arrive immediately, or tile updates that are targeted to individual users."  Exhibit I, "Creating a Great Tile Experience (Part 2)," (Apr. 18, 2012) available at http://blogs.msdn.com/b/windowsappdev/archive/2012/04/18/creating-a-great-tile-experience-part-2.aspx.

58.   Microsoft's knowing and active inducement of users and customers to directly infringe the '338 patent constitutes inducing infringement of one or more of the claims of the '338 patent under 35 U.S.C. § 271(b), including but not limited to claims 1 and 9 of the '338 patent.

59.   SurfCast has been and continues to be injured and damaged by Microsoft's knowing and active inducement of users and customers to directly infringe the '338 patent.

60.   Through the sale, marketing, and distribution of the Accused Products, Microsoft has contributed and continues to contribute to the infringement of one or more claims of the '338

patent by users and customers for whom Microsoft markets, offers to sell, sells, and distributes the Accused Products and will continue to do so, knowing the same to be especially made or especially adapted for use in an infringement of the '338 patent.

61.     Upon information and belief, none of the Accused Products are a staple article or commodity of commerce suitable for substantial noninfringing use.

62.     Microsoft's contribution to the infringement of the '338 patent by users and customers constitutes contributory infringement of one or more of the claims of the '338 patent under 35 U.S.C. § 271(c), including but not limited to claims 1 and 9 of the '338 patent.

63.     SurfCast has been and continues to be injured and damaged by Microsoft's contribution to the infringement of the '338 patent by users and customers.

64.     Microsoft's continued making, using, sales, and offerings to sell the Accused Products with knowledge of the '338 patent constitutes willful infringement of one or more of the claims of the '338 patent.

65.     SurfCast has been and continues to be injured and damaged by Microsoft's willful infringement of the '338 patent.

## COUNT IV (THE '434 PATENT)

66.     Each of the proceeding paragraphs 1 to 65 is incorporated as if fully set forth herein.

67.     Microsoft's use, importation, manufacture, offer to sell, and/or sale of the Accused Products constitutes direct infringement of one or more of the claims of the '434 patent under 35 U.S.C. § 271(a), including but not limited to claims 1, 9, and 17.

68.     SurfCast has been injured and continues to be injured by Microsoft's use, importation, manufacture, offer to sell, and/or sale of the Accused Products.

69.     Microsoft is the assignee of U.S. Patent No. 7,933,632, entitled "Tile Space User Interface for Mobile Devices," (the "'632 patent") the abstract of which describes "a user interface for mobile devices enable data and services available through the mobile device to be represented as a set of tiles maintained in a display space.  The tiles provide a snapshot of the current state of content available through the mobile device without requiring any interaction by the user.  The tiles and display space are customizable and can be dynamically updated to display content to a user.  In addition, tiles can provide functionality, including simple tasks to a user without requiring the user to navigate away from the tile display space."  During prosecution of the application that issued as the '632 patent, the Patent Examiner cited U.S. Patent No. 6,724,402 (the "'403 patent"), from which the '434 patent claims priority and which the '434 patent incorporates by reference the entirety of, as relevant prior art as part of a Non-Final Rejection dated April 21, 2009.  *See* Exhibit F, File History of U.S. Patent No. 7,933,632 at Notice of References Cited, p. 2 of 4 (Part of Paper No. 20090414); *see also* Exhibit G, '632 Patent at page 2.  Accordingly, Microsoft had knowledge of at least the '403 patent at least as early as April 21, 2009.  Furthermore, SurfCast filed suit against Microsoft for patent infringement of the '403 patent on October 30, 2012.  Based on similarities between the '403 patent and the '434 patent as well as priority of the '403 patent to the '434 patent, Microsoft should have known that it infringed the '434 patent at least as early as October 13, 2016. In any event, SurfCast provided direct notice of Microsoft's infringement of the '434 patent to Microsoft by letter dated September 30, 2021 and delivered prior to the filing of the Complaint.

70.     Through the conduct alleged above, Microsoft actively and knowingly induced and will induce its customers and users of its Accused Products for whom Microsoft markets, offers to sell, sells, and distributes its operating systems, including the Windows 8 Accused Products, the

Windows 8.1 Accused Products, the Windows 10 Accused products, to directly infringe one or more claims of the '434 patent, including but not limited to claims 1, 9, and 17 of the '434 patent. For example, Microsoft instructs its customers to use the Accused Products and its "live tiles" in order that "[t]he content shown on your tile can, and ideally should, change regularly, especially if your tile can communicate new, real-time information to your user." *See, e.g.*, Exhibit E.

71.     Microsoft also instructs developers how to write applications that, when downloaded through the Windows Store and used on an Accused Product, directly infringe one or more claims of the '434 patent, including but not limited to claims 1, 9, and 17 of the '434 patent. For example, Microsoft instructs that "app tiles … are the Start screen tiles that represent and launch your app.  An app tile is more than a big icon; it has the ability to display a continuously changing set of content that can be used to keep the user aware of events associated with that app (such as new social networking posts, new news headlines, or stock quotes) when the app is not running.  A tile notification can originate either from a local API call or from the cloud."  Exhibit H, "Tile and Tile Notification Overview (Windows Store Apps)," available at http://msdn.microsoft.com/en-US/library/windows/apps/hh779724.   Microsoft further instructs that, in accordance with one or more claims of the '434 patent, including but not limited to claims 1, 9, and 17, "[t]here are 4 ways that an app can update its tile (see Choosing a notification delivery method in the Dev Center).  Apps can use local notifications to update their tile, which is useful if info changes while the app is running.  Apps can schedule tile and toast updates to happen at precise times.  Also, apps can use push or polling tile notifications to update their tiles from the cloud while they are not running.  Polling is great for low-frequency broadcast content.  Push is great for sending toast notifications, which need to arrive immediately, or tile updates that are targeted to individual users."  Exhibit I, "Creating a Great Tile Experience (Part 2)," (Apr. 18,

2012) available at http://blogs.msdn.com/b/windowsappdev/archive/2012/04/18/creating-a-great-tile-experience-part-2.aspx.

72.     Microsoft's knowing and active inducement of users and customers to directly infringe the '434 patent constitutes inducing infringement of one or more of the claims of the '434 patent under 35 U.S.C. § 271(b), including but not limited to claims 1, 9, and 17 of the '434 patent.

73.     SurfCast has been and continues to be injured and damaged by Microsoft's knowing and active inducement of users and customers to directly infringe the '434 patent.

74.     Through the sale, marketing, and distribution of the Accused Products, Microsoft has contributed and continues to contribute to the infringement of one or more claims of the '434 patent by users and customers for whom Microsoft markets, offers to sell, sells, and distributes the Accused Products and will continue to do so, knowing the same to be especially made or especially adapted for use in an infringement of the '434 patent.

75.     Upon information and belief, none of the Accused Products are a staple article or commodity of commerce suitable for substantial noninfringing use.

76.     Microsoft's contribution to the infringement of the '434 patent by users and customers constitutes contributory infringement of one or more of the claims of the '434 patent under 35 U.S.C. § 271(c), including but not limited to claims 1, 9, and 17 of the '434 patent.

77.     SurfCast has been and continues to be injured and damaged by Microsoft's contribution to the infringement of the '434 patent by users and customers.

78.     Microsoft's continued making, using, sales, and offerings to sell the Accused Products with knowledge of the '434 patent constitutes willful infringement of one or more of the claims of the '434 patent.

79.     SurfCast has been and continues to be injured and damaged by Microsoft's willful infringement of the '434 patent.

### PRAYER FOR RELIEF

WHEREFORE, SurfCast prays that this Court grant the following relief:

a)      An order adjudging and decreeing that Defendant Microsoft has directly infringed the '317 patent;

b)      An order adjudging and decreeing that Defendant Microsoft has induced the direct infringement the '317 patent;

c)      An order adjudging and decreeing that Defendant Microsoft has contributed to the direct infringement of the '317 patent;

d)      An order adjudging and decreeing that Defendant Microsoft has directly infringed the '712 patent;

e)      An order adjudging and decreeing that Defendant Microsoft has induced the direct infringement the '712 patent;

f)      An order adjudging and decreeing that Defendant Microsoft has contributed to the direct infringement of the '712 patent;

g)      An order adjudging and decreeing that Defendant Microsoft has directly infringed the '338 patent;

h)      An order adjudging and decreeing that Defendant Microsoft has induced the direct infringement the '338 patent;

i)      An order adjudging and decreeing that Defendant Microsoft has contributed to the direct infringement of the '338 patent;

j)      An order adjudging and decreeing that Defendant Microsoft has directly infringed the '434 patent;

k)      An order adjudging and decreeing that Defendant Microsoft has induced the direct infringement the '434 patent;

l)      An order adjudging and decreeing that Defendant Microsoft has contributed to the direct infringement of the '434 patent;

m)      An order directing Microsoft to account for and pay to SurfCast all damages caused to SurfCast by reason of Microsoft's patent infringement, pursuant to 35 U.S.C. § 284, including increased damages under 35 U.S.C. § 284;

n)      An award of pre-judgement and post-judgement interest on the damages caused to SurfCast by Microsoft;

o)      A declaration that this case is exceptional and an award of attorneys' fees under 35 U.S.C. § 285 and costs and expenses in this action; and

p)      For all other relief the Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

SurfCast, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

DATED this 1st day of October, 2021.

Respectfully submitted,

SurfCast, Inc.

by its attorneys,

**BUTZEL LONG, PC**

*/s/ Mark D. Siegmund*
Brian S. Seal (*pro hac vice* pending)
Thomas G. Southard (*pro hac vice* pending)
Shaun D. Gregory (*pro hac vice* pending)
1909 K. Street, N.W.
Suite 500
Washington, D.C.  20006
Tel: 202-454-2856
Fax: 202-454-2805
seal@butzel.com
southard@butzel.com
gregorysd@butzel.com

Mitchell S. Zajac (*pro hac vice* pending)
150 W. Jefferson
Suite 100
Detroit, MI 48226
Tel: 313-225-7000
Fax: 313-225-7080
zajac@butzel.com

Mark D. Siegmund
State Bar No. 24117055
mark@waltfairpllc.com
Law Firm of Walt, Fair PLLC
1508 North Valley Mills Drive
Waco, Texas 76710
Telephone: (254) 772-6400
Facsimile: (254) 772-6432