# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# WACO DIVISION

| | | |
|---|---|---|
| **SURFCAST, INC.,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| | § | **Case No. 6:21-CV-01018-ADA** |
| **V.** | § | |
| | § | |
| **MICROSOFT CORPORATION,** | § | |
| | § | |
| Defendant. | § | |

## PROTECTIVE ORDER

WHEREAS, Plaintiff SurfCast, Inc. and Defendant Microsoft Corporation, hereafter referred to as "the Parties," believe that certain information that is or will be encompassed by discovery demands by the Parties involves the production or disclosure of trade secrets, confidential business information, or other proprietary information;

WHEREAS, the Parties seek a protective order limiting disclosure thereof in accordance with Federal Rule of Civil Procedure 26(c):

THEREFORE, it is hereby stipulated among the Parties and ORDERED that:

1.      Each Party may designate as confidential for protection under this Order, in whole or in part, any document, information, or material that constitutes or includes, in whole or in part, confidential or proprietary information or trade secrets of the Party or a Third Party to whom the Party reasonably believes it owes an obligation of confidentiality with respect to such document, information, or material ("Protected Material").   Protected Material shall be designated by the Party producing it by affixing a legend or stamp on such document,

information, or material identifying it as one of four categories of DESIGNATED MATERIAL:[1] "CONFIDENTIAL," "CONFIDENTIAL - ATTORNEYS' EYES ONLY," "CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE" ("DESIGNATED MATERIAL"). The word(s) of the legend or stamp shall be placed clearly on each page of the Protected Material (except deposition and hearing transcripts) for which such protection is sought. For deposition and hearing transcripts, the word(s) of the legend or stamp shall be placed on the cover page of the transcript (if not already present on the cover page of the transcript when received from the court reporter) by each attorney receiving a copy of the transcript after that attorney receives notice of the designation of some or all of that transcript as DESIGNATED MATERIAL

2.     Any document produced before issuance of this Order, including pursuant to the Court's Order Governing Proceedings - Patent Case, with the designation "Confidential" or the like shall receive the same treatment as if designated "CONFIDENTIAL" under this order and any such documents produced with the designation "Confidential - Outside Attorneys' Eyes Only" shall receive the same treatment as if designated "CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY" under this Order, unless and until such document is re-designated to have a different classification under this Order.

3.     With respect to documents, information, or material designated "CONFIDENTIAL," "CONFIDENTIAL - ATTORNEYS' EYES ONLY," "CONFIDENTIAL - OUTSIDE

---

[1] The term DESIGNATED MATERIAL is used throughout this Protective Order to refer to the class of materials designated as "CONFIDENTIAL," "CONFIDENTIAL - ATTORNEYS' EYES ONLY," "CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE," individually and collectively.

276161567v.3

ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE," subject to the provisions herein and unless otherwise stated, this Order governs, without limitation: (a) all documents, electronically stored information, and/or things as defined by the Federal Rules of Civil Procedure; (b) all pretrial, hearing or deposition testimony, or documents marked as exhibits or for identification in depositions and hearings; (c) pretrial pleadings, exhibits to pleadings and other court filings; (d) affidavits; and (e) stipulations. All copies, reproductions, extracts, digests, and complete or partial summaries prepared from any DESIGNATED MATERIALS shall also be considered DESIGNATED MATERIAL and treated as such under this Order.

4.       A designation of Protected Material as "CONFIDENTIAL," "CONFIDENTIAL - ATTORNEYS' EYES ONLY," "CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE" may be made at any time. Inadvertent or unintentional production of documents, information, or material that has not been designated as DESIGNATED MATERIAL shall not be deemed a waiver in whole or in part of a claim for confidential treatment.   Any Party that inadvertently or unintentionally produces Protected Material without designating it as DESIGNATED MATERIAL may request destruction of that Protected Material by notifying the recipient(s) as soon as reasonably possible after the Producing Party becomes aware of the inadvertent or unintentional disclosure, and providing replacement Protected Material that is properly designated.    The recipient(s) shall then destroy or appropriately mark all copies of the inadvertently  or  unintentionally  produced  Protected  Materials  and  any  documents, information, or material derived from or based thereon.

5.       "CONFIDENTIAL" documents, information, and material may be disclosed only to the

following persons, except upon receipt of the prior written consent of the designating Party,

upon order of the Court, or as set forth in paragraph 16 herein:

(a)     Outside counsel of record in the above-captioned action ("this Action") for the Parties.

(b)     Employees of such counsel assigned to and reasonably necessary to assist such counsel in the litigation of this Action.

(c)     In-house counsel for the Parties who either have responsibility for making decisions dealing directly with the litigation of this Action, or who are assisting outside counsel in the litigation of this Action.

(d)     Up to and including three (3) designated representatives of each of the Parties to the extent reasonably necessary for the litigation of this Action, except that any Party may in good faith request the other Party's consent to designate one or more additional representatives, the other Party shall not unreasonably withhold such consent, and the requesting Party may seek leave of Court to designate such additional representative(s) if the requesting Party believes the other Party has unreasonably withheld such consent.   The identity of the designated representative(s) need not be disclosed to the opposing side, except as necessary to resolve a dispute.

(e)     Outside consultants or experts retained for the purpose of this litigation (and staff/support personnel, working at the direction of such outside consultant or expert), provided that:  (1) such consultants or experts are not presently employed by the Parties or of an affiliate of a Party hereto for purposes other than this Action; (2) before access is given, the consultant or expert has completed the Undertaking attached as Appendix A hereto and the same is served upon the producing Party with a current curriculum vitae of the consultant or expert, including a list of other cases in which the individual has provided a report or testified (at trial or deposition) and a list of companies that the individual has been employed by or provided consulting services pertaining to the field of the invention of the patent(s)-in-suit or the products accused of infringement within the last four years and a brief description of the subject matter of the consultancy or employment (to the extent such information may be provided without violating third-party confidentiality obligations), at least ten (10) days before access to the Protected Material is to be given to that consultant or expert, to allow the Producing party to object to and notify the receiving Party in writing that it objects to disclosure of Protected Material to the consultant or expert.   The Parties agree to promptly confer and use good faith to resolve any such objection.  If the Parties are unable to resolve any objection, the objecting Party may file a motion with the Court within fifteen (15) days of receipt of the notice, or within such other time as the Parties may agree, seeking a protective order with respect to the proposed disclosure.   The objecting Party shall have the burden of proving the need for a protective order.   No disclosure

shall occur until all such objections are resolved by agreement or Court order.

(f)     Independent litigation support services, including persons working for or as court reporters, graphics or design services, jury or trial consulting services, and photocopy, document imaging, and database services retained by counsel and reasonably necessary to assist counsel with the litigation of this Action.

(g)     The Court and its personnel.

6.     A Party shall designate documents, information, or material as "CONFIDENTIAL" only upon a good faith belief that the documents, information, or material contains confidential or proprietary information or trade secrets of the Party or a Third Party to whom the Party reasonably believes it owes an obligation of confidentiality with respect to such documents, information, or material.

7.     Documents, information, or material produced pursuant to any discovery request in this Action, including but not limited to Protected Material designated as DESIGNATED MATERIAL, shall be used by the Parties only in the litigation of this Action and shall not be used for any other purpose.   Any person or entity who obtains access to DESIGNATED MATERIAL or the contents thereof pursuant to this Order shall not make any copies, duplicates, extracts, summaries, or descriptions of such DESIGNATED MATERIAL or any portion thereof except as may be reasonably necessary in the litigation of this Action.   Any such copies, duplicates, extracts, summaries, or descriptions shall be classified DESIGNATED MATERIALS and subject to all of the terms and conditions of this Order.

8.     To the extent a producing Party believes that certain Protected Material qualifying to be designated CONFIDENTIAL is so sensitive that its dissemination deserves even further limitation, the producing Party may designate such Protected Material as "CONFIDENTIAL - ATTORNEYS' EYES ONLY" or "CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY" or, to the extent such Protected Material includes computer

276161567v.3

source code and/or live data (that is, data as it exists residing in a database or databases) ("Source Code Material"), the producing Party may designate such Protected Material as "RESTRICTED CONFIDENTIAL SOURCE CODE."

9.  For Protected Material designated CONFIDENTIAL - ATTORNEYS' EYES ONLY, access to, and disclosure of, such Protected Material shall be limited to individuals listed in paragraphs 5(a–c) and (e–g); provided, however, that access by in-house counsel pursuant to paragraph 5(c) be limited to in-house counsel who exercise no competitive decision-making authority on behalf of the client.

10. For Protected Material designated CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY, access to, and disclosure of, such Protected Material shall be limited to individuals listed in paragraphs 5(a–b) and (e–g); provided, however, that the designating Party shall accommodate reasonable requests to provide summary information to in-house counsel designated pursuant to paragraph 5(c) who exercise no competitive decision-making authority on behalf of the client and reasonably require access to such information.

11. For Protected Material designated RESTRICTED CONFIDENTIAL SOURCE CODE, the following additional restrictions apply:

    (a) Access to a Party's Source Code Material shall be provided on two (2) source code machines with identical productions available for in-person review as follows: only on "stand-alone" computers (that is, the computer may not be linked to any network, including a local area network ("LAN"), an intranet or the Internet) and a display screen or monitor of a size of at least 21 inches in a secured locked room. The stand-alone computers may only be connected to a device capable of temporarily storing electronic copies solely for the limited purposes permitted pursuant to paragraphs 11(h) and 11(m) below. The stand-alone computers shall include reasonable analysis tools for the type of Source Code Material that are sufficient for viewing and searching the Source Code Material, such as those analysis tools used by the Producing Party for that purpose in the ordinary course of its business. The Producing Party shall identify such tools to the Receiving Party reasonably in advance of making the Source Code Material available to the Receiving Party. The Receiving Party may request that other mutually agreeable

and commercially available tools for viewing and searching source code be installed on the computers. The Receiving Party shall be responsible for providing the other tools or licenses to the tools that it wishes to use so that the Producing Party may install such tools on the stand-alone computers. Before making the Source Code Material available for review, the Producing Party will provide the Receiving Party with an index of the source code files (or similar information) to assist in the review sufficient to identify each of the source code files, the hierarchical structure of the files, and the corresponding servers and accused products to which each is related. The Source Code Material will be stored on the stand-alone computers in the same format used in the ordinary course of the Producing Party's business, such that all file names, line numbers, directory structures, changes/change logs, and file relationships are preserved and searchable. Additionally, except as provided in paragraph 11(m) below, the stand-alone computers may only be located at the offices of the Producing Party's outside counsel. The stand-alone computers shall have disk encryption and be password protected. Use or possession of any input/output device (e.g., USB memory stick, mobile phone or tablet, camera or any camera-enabled device, CD, floppy disk, portable hard drive, laptop, or any device that can access the Internet or any other network or external system, etc.) is prohibited while accessing the computer containing the source code. All persons entering the locked room containing the stand-alone computers must agree to submit to reasonable security measures to ensure they are not carrying any prohibited items before they will be given access to the stand-alone computers. The Producing Party may periodically "check in" on the activities of the Receiving Party's representatives during any stand-alone computer review and may visually monitor the activities of the Receiving Party's representatives from outside the room in which the stand-alone computers are located, but only to ensure that no unauthorized electronic records of the Source Code Material and no information concerning the Source Code Material are being created or transmitted in any way. For clarity, the Producing Party will refrain from any active monitoring activities that reveal any material, information, communications, and/or mental impressions reflecting attorney-client and/or work product privileges and protections (e.g., viewing the source code review notes, monitoring the contents of the review computer's screen during the review, or listening to conversations of the source code reviewer)—such monitoring activities will be considered unreasonable;

(b) The Receiving Party shall make reasonable efforts to restrict its requests for such access to the stand-alone computers to normal business hours, which for purposes of this paragraph shall be 8:00 a.m. through 5:00 p.m in the time zone where the relevant stand-alone computers are located. The Parties agree to cooperate in good faith such that maintaining the Producing Party's Source Code Material at the offices of its outside counsel shall not unreasonably hinder the Receiving Party's ability to efficiently and effectively conduct the prosecution or defense of this Action;

(c) The Producing Party shall provide the Receiving Party with information explaining

how to start, log on to, and operate the stand-alone computers in order to access the produced Source Code Material on the stand-alone computers;

(d) The Producing Party will produce Source Code Material in computer searchable format on the stand-alone computers as described above;

(e) Access to Source Code Material shall be limited to outside counsel and up to three (3) outside consultants or experts[2] (*i.e.*, not existing employees or affiliates of a Party or an affiliate of a Party) retained for the purpose of this litigation and approved to access such Protected Materials pursuant to paragraph 5(e) above. A Receiving Party may reasonably include excerpts of Source Code Material in a pleading, exhibit, expert report, discovery document, deposition transcript, or other Court document, provided that any such documents are appropriately marked as containing Source Code Material under this Order, restricted to those who are entitled to have access to them as specified herein, and, if filed with the Court, filed under seal in accordance with the Court's rules, procedures and orders;

(f) To the extent portions of Source Code Material are quoted in an electronic copy or image of a document which, pursuant to the Court's rules, procedures, or order, must be filed or served electronically ("Source Code Document"), either (1) the entire Source Code Document will be stamped and treated as RESTRICTED CONFIDENTIAL SOURCE CODE or (2) those pages containing quoted Source Code Material will be separately stamped and treated as RESTRICTED CONFIDENTIAL SOURCE CODE;

(g) Subject to paragraph 11(h) below and except as set forth in paragraph 11(i) below, no electronic copies of Source Code Material shall be made without prior written consent of the Producing Party;;

(h) Electronic copies of portions of Source Code Material may be made if necessary to create documents which, pursuant to the Court's rules, procedures and order, must be filed or served electronically, or may be served electronically pursuant to the Parties' agreement, but the Receiving Party shall only include such excerpts of Source Code Material in these documents as are reasonably necessary for the purposes for which such part of the Source Code Material is used. The filing of any document containing Source Code Material must be made under seal and any such document served electronically must be encrypted using commercially reasonable encryption software including password protection The Receiving Party may create an electronic image of a selected portion of the Source Code Material solely for the

---

[2] For the purposes of this paragraph, an outside consultant or expert is defined to include a reasonable number of the outside consultant's or expert's staff/support personnel, working at the direction of such outside consultant or expert, and as such, the disclosure to a consultant or expert's staff/support person shall count as a disclosure to a single consultant or expert. The staff member must complete the Undertaking attached as Exhibit A hereto before access is given.

purposes of creating the aforementioned documents and the electronic file containing such image must likewise be encrypted using commercially reasonable encryption software including password protection. The communication and/or disclosure of electronic files containing any portion of Source Code Material shall at all times be limited to individuals who are authorized to see Source Code Material under the provisions of this Protective Order. Additionally, all electronic copies must be labeled "RESTRICTED CONFIDENTIAL SOURCE CODE." Images or copies of Source Code Material shall not be included in correspondence between the parties (references to production numbers shall be used instead) and shall be omitted from pleadings and other papers except to the extent permitted herein.;

(i)   Subject to the following restrictions, the Receiving Party may request particular files, pages, and/or sections of Source Code to be printed by the Producing Party. The receiving Party shall not print more than ten (10) consecutive pages of continuous Source Code, a page being defined as an 8.5" x 11" paper page with 1.25" margins and using no smaller than a 12-point font. The receiving Party may request permission to print additional consecutive pages of continuous Source Code. Such requests shall not be unreasonably denied by the producing Party. In addition, the receiving Party shall be limited to printing a total of two hundred and fifty (250) pages of Source Code. The Source Code Computers may be equipped with virtual printer software to permit the Receiving Party to print selected portions of Source Code to a PDF file that can be printed subsequently by the Producing Party. Each print request shall be made in writing to the Producing Party and shall include the complete path, file name, and line numbers of the Source Code to be printed, or the PDF filename that was printed with the virtual printer software (or the folder name where such PDF files were saved). The Receiving Party shall not request printed Source Code to review Source Code elsewhere in the first instance, *i.e.*, as an alternative to reviewing that Source Code electronically on the Source Code Computer. The Producing Party shall Bates number, copy, and label "RESTRICTED CONFIDENTIAL SOURCE CODE" any pages requested by the Receiving Party;

(j)   Within three (3) business days of receiving a print request, the Producing Party shall either (i) provide to the Receiving Party three Bates stamped hard copies of the requested Source Code, which at the Producing Party's sole discretion may be provided on watermarked paper ("Original Copies") or (ii) inform the Requesting Party that it objects to the print request or portions thereof as inconsistent with this Order. The produced copies will be produced in the same format as presented on the computer, including preserving the line numbers, color coding, directory structure, and all other formatting of the source code file. If, after meeting and conferring, the Producing Party and the Receiving Party cannot resolve the objection, the Receiving Party shall be entitled to seek a Court resolution of such objection. Contested Source Code Printouts do not need to be produced to the Receiving Party until the matter is resolved by the Court.

(k) Should such printouts or photocopies be transferred back to electronic media, such media shall be labeled "RESTRICTED CONFIDENTIAL SOURCE CODE" and shall continue to be treated as such;

(l) If the Receiving Party's outside counsel, consultants, or experts obtain printouts of Source Code Material ("Source Code Printouts"), the Receiving Party shall ensure that such outside counsel, consultants, or experts keep the Source Code Printouts under their direct control in a secured locked area in the offices of such outside counsel, consultants, or expert. The Receiving Party may also temporarily keep the Source Code Printouts at: (i) the Court for any proceedings(s) relating to the Source Code Material, for the dates associated with the proceeding(s); (ii) the sites where any deposition(s) relating to the Source Code Material are taken, for the dates associated with the deposition(s); and (iii) any intermediate location reasonably necessary to transport the Source Code Printouts to a Court proceeding or deposition), provided that the printouts or photocopies are kept in a secure manner that ensures access is limited to the persons authorized under this Order.

(m) A Producing Party's Source Code Material may only be transported by the Receiving Party at the direction of a person authorized under paragraph 11(e) above to another person authorized under paragraph 11(e) above, on paper via hand carry, Federal Express or other similarly reliable courier. Source Code Material may not be transported or transmitted electronically over a network of any kind, including a LAN, an intranet, or the Internet. Source Code Material may only be transported electronically via removable electronic media (e.g., a DVD, CD-ROM, or flash memory "stick") for the purpose of Court proceeding(s) or deposition(s) as set forth in paragraph 11(l) above and is at all times subject to the transport restrictions set forth herein. But, for those purposes only, the Source Code Materials may be loaded onto a stand-alone computer.

(n) The Receiving Party's outside counsel and/or expert (including any staff/support personnel as described in paragraph 11(e)) shall be entitled to take notes relating to the source code but may not copy any portion of the source code into the notes. No copies of all or any portion of the source code may leave the room in which the source code is inspected except as otherwise provided herein. Further, no other written or electronic record of the source code is permitted except as otherwise provided herein. No notes shall be made or stored on the inspection computer, or left behind at the site where the inspection computer is made available, and any such notes shall be deleted or destroyed by the Producing Party, without reviewing the substance of the notes, upon discovery. Notwithstanding the foregoing, any such notes shall be stamped and treated as "RESTRICTED CONFIDENTIAL SOURCE CODE." The log of such notes need not be produced to any other party absent Court Order (e.g. potentially in connection with a Protective Order violation motion).

(o) A list of names of persons who will review Source Code Material on the stand-alone computers will be provided to the Producing Party in conjunction with any written (including email) notice requesting inspection. Prior to the first inspection

of any Source Code Material on the stand-alone computers, the Receiving Party shall provide five (5) business days' notice to schedule the initial inspection with the Producing Party. The Receiving Party shall provide three (3) business days' notice[3] in advance of scheduling any additional inspections. Such notice shall include the names and titles for every individual from the Receiving Party who will attend the inspection and their expected time of arrival. The Producing Party may maintain a daily log of the names of persons who enter the locked room to view the source code and when they enter and depart;

(p)  The Receiving Party's outside counsel shall maintain a log of all copies of the Source Code Printouts (received from a Producing Party) that are delivered by the Receiving Party to any person and a log of any electronic images of Source Code Material. The log shall include the names of the recipients and reviewers of copies and locations where the copies are stored. Upon request by the Producing Party, the Receiving Party shall provide reasonable assurances and/or descriptions of the security measures employed by the Receiving Party and/or person that receives a copy of any portion of the source code; and

(q)  All copies of any portion of the Source Code Printouts in whatever form shall be securely destroyed if they are no longer in use. Copies of Source Code Printouts that are marked as deposition exhibits shall not be provided to the Court Reporter or attached to deposition transcripts; rather, the deposition record will identify the exhibit by its production numbers.

(r)  For the duration of the COVID-19 pandemic and the associated public health and government restrictions on the ability of businesses to be open, the Parties may elect to modify the above procedures as necessary, including with respect to the location where the source code is made available for inspection and the business hours during which the source code is made available for inspection. Additionally, all source code reviewers must agree to abide by the regular COVID-19 protocols of the review location.

12.   Any attorney representing a Party, whether in-house or outside counsel, and any person associated with a Party and permitted to receive the other Party's Protected Material that is designated CONFIDENTIAL - ATTORNEYS' EYES ONLY, CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY, and/or RESTRICTED CONFIDENTIAL

---

[3] The counting of business days is inclusive of the day notice is provided if the notice is provided by 5pm CT.  For example, for a Monday inspection, notice must be provided by 5pm CT on the preceding Thursday.

276161567v.3

SOURCE CODE (collectively "HIGHLY SENSITIVE MATERIAL"), who obtains, receives, has access to, or otherwise learns, in whole or in part, the other Party's HIGHLY SENSITIVE MATERIAL under this Order shall not prepare, prosecute, supervise, or assist in the preparation or prosecution of any patent application pertaining to the field of the invention[4] of the patents-in-suit during the pendency of this Action and for one year after its conclusion, including any appeals or two years after such person has terminated their involvement in this Action by filing of a notice of withdrawal with the Court, whichever is earlier.   To ensure compliance with the purpose of this provision, each Party shall create an "Ethical Wall" between those persons with access to HIGHLY SENSITIVE MATERIAL and any individuals who prepare, prosecute, supervise or assist in the preparation or prosecution of any patent application pertaining to the field of invention of the patent-in-suit.   Nothing in this Order shall prevent a person with access to HIGHLY SENSITIVE MATERIAL from participating in a PTO post-grant proceeding, *e.g.*, IPR or PGR, except for that person shall not participate—directly or indirectly—in the amendment of any claim(s).

13.    Disclosure of Protected Material shall be subject to all applicable laws and regulations relating to the export of technical data contained in such Protected Material, including the release of such technical data to foreign persons or nationals in the United States or elsewhere.   Each party receiving Protected Material shall comply with all applicable export control statutes and regulations.   *See, e.g.*, 15 CFR 734.2(b).   No Protected Material may leave the territorial boundaries of the United States of America or be made available to any

---

[4] The Field of Invention includes any products, services, or systems accused by SurfCast in this Action, the patents asserted in this Action, and any patent or application claiming priority to or otherwise related to the patents asserted in this Action.

foreign national who is not (i) lawfully admitted for permanent residence in the United States or (ii) identified as a protected individual under the Immigration and Naturalization Act (8 U.S.C. 1324b(a)(3)). Without limitation, this prohibition extends to Protected Material (including copies) in physical and electronic form.  The viewing of Protected Material through electronic means outside the territorial limits of the United States of America is similarly prohibited.  Notwithstanding this prohibition, Protected Material, exclusive of material designated RESTRICTED CONFIDENTIAL - SOURCE CODE, and to the extent otherwise permitted by law, may be taken outside the territorial limits of the United States if it is reasonably necessary for a deposition taken in a foreign country.  The restrictions contained within this paragraph may be amended through the consent of the Producing Party to the extent that such agreed to procedures conform with applicable export control laws and regulations.

14.    Nothing in this Order shall require production of documents, information, or other material that a Party contends is protected from disclosure by the attorney-client privilege, the work product doctrine, or other privilege, doctrine, or immunity.  If documents, information, or other material subject to a claim of attorney-client privilege, work product doctrine, or other privilege, doctrine, or immunity is unintentionally produced, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any such privilege, doctrine, or immunity.   Any Party that unintentionally produces documents, information, or other material it reasonably believes are protected under the attorney-client privilege, work product doctrine, or other privilege, doctrine, or immunity may  obtain  the  return  of such  documents,  information,  or  other  material  by  promptly notifying the recipient(s) and providing a privilege log for the inadvertently or unintentionally produced documents,

information, or other material.   The recipient(s) shall gather and return all copies of such documents, information, or other material to the producing Party, except for any pages containing privileged or otherwise protected markings by the recipient(s), which pages shall instead be destroyed and certified as such to the producing Party.  No privilege or protection is waived by disclosure connected with the litigation pending before the Court, and any such disclosure is also not a waiver in any other federal or state proceeding.

15.     There shall be no disclosure of any DESIGNATED MATERIAL by any person authorized to have access thereto to any person who is not authorized for such access under this Order. The Parties are hereby ORDERED to safeguard all such documents, information, and material to protect against disclosure to any unauthorized persons or entities.

16.     Nothing contained herein shall be construed to prejudice any Party's right to use any DESIGNATED MATERIAL in taking testimony at any deposition or hearing provided that the DESIGNATED MATERIAL is only disclosed to a person(s) who is: (i) eligible to have access to the DESIGNATED MATERIAL by virtue of his or her employment with the designating Party; (ii) identified in the DESIGNATED MATERIAL as an author, addressee, or copy recipient of such information; (iii) although not identified as an author, addressee, or copy recipient of such DESIGNATED MATERIAL, has, in the ordinary course of business, seen such DESIGNATED MATERIAL; (iv) a current or former officer, director or employee of the producing Party or a current or former officer, director, or employee of a company affiliated with the producing Party; (v) counsel for a Party, including outside counsel and in-house counsel (subject to paragraphs 9 and 10 of this Order); (vi) an independent contractor, consultant, and/or expert retained for the purpose of this litigation; (vii) court reporters and videographers; (viii) the Court; or (ix) other persons

276161567v.3

entitled hereunder to access to DESIGNATED MATERIAL. DESIGNATED MATERIAL shall not be disclosed to any other persons unless prior authorization is obtained from counsel representing the producing Party or from the Court.

17.     Parties may, at the deposition or hearing or within thirty (30) days after receipt of a deposition or hearing transcript, designate the deposition or hearing transcript or any portion thereof as "CONFIDENTIAL," "CONFIDENTIAL - ATTORNEYS' EYES ONLY," "CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE" pursuant to this Order.   Access to the deposition or hearing transcript so designated shall be limited in accordance with the terms of this Order. Until expiration of the 30-day period, the entire deposition or hearing transcript shall be treated as CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY.

18.     Subject to any applicable rules of the Court, any DESIGNATED MATERIAL that is filed with the Court shall be filed under seal and shall remain under seal until further order of the Court.   The filing Party shall be responsible for informing the Clerk of the Court that the filing should be sealed and for placing the legend "FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER" above the caption and conspicuously on each page of the filing.   Exhibits to a filing shall conform to the labeling requirements set forth in this Order.   If a pretrial pleading filed with the Court, or an exhibit thereto, discloses or relies on DESIGNATED MATERIAL, such confidential portions shall be redacted to the extent necessary and the pleading or exhibit filed publicly with the Court.

19.     This Order applies to pretrial discovery.  Nothing in this Order shall be deemed to prevent the Parties from introducing any DESIGNATED MATERIAL into evidence at the trial of this Action, or from using any information contained in DESIGNATED MATERIAL at

the trial of this Action, subject to any pretrial order issued by this Court.

20.     A Party may request in writing to the other Party that the designation given to any DESIGNATED MATERIAL be modified or withdrawn.     If the designating Party does not agree to re-designation within ten (10) days of receipt of the written request, the requesting Party may apply to the Court for relief.   Upon any such application to the Court, the burden shall be on the designating Party to show why its classification is proper.   Such application shall be treated procedurally as a motion to compel pursuant to Federal Rule of Civil Procedure 37, subject to the Rule's provisions relating to sanctions.   In making such application, the requirements of the Federal Rules of Civil Procedure and the Local Rules of the Court shall be met.  Pending the Court's determination of the application, the designation of the designating Party shall be maintained.

21.     Each outside consultant or expert to whom DESIGNATED MATERIAL is disclosed in accordance with the terms of this Order shall be advised by counsel of the terms of this Order, shall be informed that they are subject to the terms and conditions of this Order, and shall sign an acknowledgment that they have received a copy of, have read, and have agreed to be bound by this Order.  A copy of the acknowledgment form is attached as Appendix A.

22.     To the extent that any discovery is taken of persons who are not Parties to this Action ("Third Parties") and in the event that such Third Parties contend the discovery sought involves trade secrets, confidential business information, or other proprietary information, then such Third Parties may agree to be bound by this Order.

23.     To the extent that discovery or testimony is taken of Third Parties, the Third Parties may designate as "CONFIDENTIAL," "CONFIDENTIAL - ATTORNEYS' EYES ONLY,"

16

276161567v.3

or "CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY," and/or "RESTRICTED CONFIDENTIAL SOURCE CODE" any documents, information, or other material, in whole or in part, produced by such Third Parties.  The Third Parties shall have ten (10) days after production of such documents, information, or other materials to make such a designation.   Until that time period lapses or until such a designation has been made, whichever occurs sooner, all documents, information, or other material so produced or given shall be treated as "CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY" in accordance with this Order.

24.   Within sixty (60) days of final termination of this Action, including any appeals, all DESIGNATED MATERIAL, including all copies, duplicates, abstracts, indexes, summaries, descriptions, and excerpts or extracts thereof (excluding excerpts or extracts incorporated into any privileged memoranda of the Parties), shall at the receiving Party's election either be returned to the producing Party or be destroyed.   The receiving Party shall verify the return or destruction by affidavit furnished to the producing Party, upon the producing Party's request.  Notwithstanding the foregoing, outside counsel for a receiving Party may retain DESIGNATED MATERIAL contained in outside counsel's work product, motion papers, correspondence, depositions or trial transcripts, exhibits, expert reports, discovery responses, and pleadings and materials filed with the Court, provided that counsel shall not disclose such DESIGNATED MATERIAL to another party except pursuant to written authorization by the producing Party.

25.   The failure to designate documents, information, or material in accordance with this Order and the failure to object to a designation at a given time shall not preclude the filing of a motion at a later date seeking to impose such designation or challenging the propriety

thereof.   The entry of this Order and/or the production of documents, information, or material hereunder shall in no way constitute a waiver of any objection to the furnishing thereof, all such objections being hereby preserved.

26.    Any Party knowing or believing that any other Party is in violation of or intends to violate this Order, after the Party has raised the question of violation or potential violation with the opposing Party and has been unable to resolve the matter by agreement, may move the Court for such relief as may be appropriate in the circumstances.   Pending disposition of the motion by the Court, the Party alleged to be in violation of or intending to violate this Order shall discontinue the performance of and/or shall not undertake the further performance of any action alleged to constitute a violation of this Order.

27.    Production of DESIGNATED MATERIAL by any Party shall not be deemed a publication of the documents, information, or material (or the contents thereof) produced so as to void or make voidable whatever claim the Parties may have as to the proprietary and confidential nature of the documents, information, or other material or its contents.

28.    Nothing in this Order shall be construed to effect an abrogation, waiver, or limitation of any kind on the rights of each of the Parties to assert any applicable discovery or trial privilege.

29.    Each of the Parties shall also retain the right to file a motion with the Court (a) to modify this Order to allow disclosure of DESIGNATED MATERIAL to additional persons or entities if reasonably necessary to prepare and present this Action; and (b) to apply for additional protection of DESIGNATED MATERIAL.

30.    The parties previously conducted discovery subject to a protective order in *SurfCast, Inc. v. Microsoft Corp.*, No. 2:12-cv-00333-JDL (D. Me.) ("*Surfcast I*").  *See SurfCast I* Dkt. No. 35 (the "*SurfCast I* Protective Order").  All discovery produced under the *SurfCast I*

276161567v.3

Protective Order is deemed produced in this case, and each such item of discovery is deemed designated under this order for whichever level of protection defined by this Order is the lowest level that provides at least the protection that the item had under the *SurfCast I* Protective Order.  Upon entry of this Order, the parties agree, under Paragraph 17(a) of the *SurfCast I* Protective Order, that the *SurfCast I* Protective Order no longer remains in force or effect as to any information subject to this Order.

31.   Unless otherwise agreed or ordered, this Order shall remain in force after dismissal or entry of final judgment not subject to further appeal.

**SIGNED** this 25th day of January, 2022.

ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE

276161567v.3

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | | |
|---|---|---|
| SurfCast, Inc., | § | |
| | § | |
| v. | § | Case No. 6:21-CV-01018-ADA |
| | § | |
| Microsoft Corporation | § | |

**APPENDIX A**
**UNDERTAKING OF EXPERTS OR CONSULTANTS REGARDING**
**PROTECTIVE ORDER**

I, _____, declare that:

1.    My address is _____.

       My current employer is _____.

       My current occupation is _____.

2.    I have received a copy of the Protective Order in this action.  I have carefully read and

       understand the provisions of the Protective Order.

3.    I will comply with all of the provisions of the Protective Order.  I will hold in confidence,

       will not disclose to anyone not qualified under the Protective Order, and will use only for

       purposes  of  this  action  any  information  designated  as  "CONFIDENTIAL,"

       "CONFIDENTIAL - ATTORNEYS' EYES ONLY," "CONFIDENTIAL - OUTSIDE

       ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE"

       that is disclosed to me.

4.    Promptly  upon  termination  of  these  actions,  I  will  return  all  documents  and  things

       designated as "CONFIDENTIAL," "CONFIDENTIAL - ATTORNEYS' EYES ONLY,"

       "CONFIDENTIAL  -  OUTSIDE  ATTORNEYS'  EYES  ONLY,"  or  "RESTRICTED

276161567v.3

CONFIDENTIAL SOURCE CODE" that came into my possession, and all documents and things that I have prepared relating thereto, to the outside counsel for the Party by whom I am employed.

5.     I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the Protective Order in this action.

I declare under penalty of perjury that the foregoing is true and correct.

Signature _____

Date _____

2