# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## WACO DIVISION

|  |  |
|---|---|
| **SURFCAST, INC.,** | |
| Plaintiff**,** | |
| v. | **6:21-cv-01018-ADA** |
| **MICROSOFT CORPORATION,** | |
| Defendant. | |

## <u>MEMORANDUM OPINION & ORDER</u>

Came on for consideration this date is Defendant Microsoft Corporation's ("Microsoft" or "Defendant") Motion to Transfer Venue Pursuant to 28 U.S.C. § 1404(a) to the Western District of Washington filed on April 22, 2022. ECF No. 33 (the "Motion"). Plaintiff SurfCast, Inc. ("SurfCast" or "Plaintiff") filed an opposition on August 5, 2022, ECF No. 50, to which Microsoft filed a reply on August 19, 2022. ECF No. 51. After careful consideration of the Motion, the parties' briefs, and the applicable law, the Court **GRANTS** Microsoft's Motion to Transfer Venue Pursuant to 28 U.S.C. § 1404(a).

## I. BACKGROUND

On July 22, 2021, SurfCast filed its complaint against Microsoft, alleging infringement of U.S. Patent Nos. 9,032,317 (the "'317 patent"), 9,043,712 (the "'712 patent"), 9,363,338 (the "'338 patent"), and 9,946,434 (the "'434 patent") (collectively, the "Asserted Patents"). ECF No. 1 (the "Complaint"). SurfCast is a Delaware corporation with its principal place of business in Lincolnville, Maine. *Id.* ¶ 2. Microsoft is a Washington Corporation with its principal place of business in Redmond, Washington. *Id.* ¶ 3. According to SurfCast's Complaint, Microsoft's products infringe the Asserted Patents by employing a display with a user interface that provides

"Live Tiles." *Id.* ¶¶ 18, 42. For all of the Asserted Patents, SurfCast identifies the following various products: the Microsoft Surface; the Xbox One; products with the Windows Phone 7 Operating System; products with the Windows RT Operating System; products with the Microsoft Windows 8, Microsoft Windows 8 Pro, and Microsoft Windows 8 Enterprise Operating Systems; products with the Microsoft Windows 8.1, Microsoft Windows 8.1 Pro, and Microsoft Windows 8.1 Enterprise Operating Systems; and products with the Microsoft Windows 10, Microsoft Windows 10 Pro, and Microsoft Windows 10 Enterprise Operating Systems. *Id.* ¶ 17. The Court will refer to all these products as the "Accused Products."

On April 22, 2022, Microsoft filed its Motion under 28 U.S.C. § 1404(a), seeking transfer to the Western District of Washington (the "WDWA"). ECF No. 33. That Motion is now ripe for judgement.

## II. LEGAL STANDARD

In patent cases, regional circuit law governs motions to transfer under § 1404(a). *In re TS Tech USA Corp.*, 551 F.3d 1315, 1319 (Fed. Cir. 2008). Section 1404(a) provides that, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." "Section 1404(a) is intended to place discretion in the district court to adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness.'" *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (quoting *Van Dusen v. Barrack*, 376 U.S. 612, 622 (1964)).

"The preliminary question under § 1404(a) is whether a civil action 'might have been brought in the [transfer] destination venue." *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 312 (5th Cir. 2008) ("*Volkswagen II*"). If the destination venue would have been a proper venue, then "[t]he determination of 'convenience' turns on a number of public and private interest factors, none of

which can be said to be of dispositive weight." *Action Indus., Inc. v. U.S. Fid. & Guar. Co.*, 358 F.3d 337, 340 (5th Cir. 2004). The private factors include: "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious[,] and inexpensive." *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004) ("*Volkswagen I*") (citing *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241 n.6, 102 S. Ct. 252, 70 L. Ed. 2d 419 (1981)). The public factors include: "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws of the application of foreign law." *Id.* The weight the Court gives to each of these assorted convenience factors will necessarily vary from case to case. *See Burbank Int'l Ltd. v. Gulf Consol. Int'l Inc.*, 441 F. Supp. 819, 821 (N.D. Tex. 1977). A court should not deny transfer where "only the plaintiff's choice weighs in favor of denying transfer and where the case has no connection to the transferor forum and virtually all of the events and witnesses regarding the case . . . are in the transferee forum." *In re Radmax, Ltd.*, 720 F.3d 285, 290 (5th Cir. 2013).

The moving party has the burden to prove that a case should be transferred for convenience. *In re Vistaprint Ltd.*, 628 F.3d 1342, 1346 (Fed. Cir. 2010). The burden that a movant must carry is not that the alternative venue is more convenient, but that it is *clearly* more convenient. *Volkswagen II*, 545 F.3d at 314 n.10. While "clearly more convenient" is not explicitly equivalent to "clear and convincing," the moving party "must show materially more than a mere preponderance of convenience, lest the standard have no real or practical meaning." *Quest NetTech Corp. v. Apple, Inc.*, No. 2:19-CV-00118-JRG, 2019 WL 6344267, at *7 (E.D. Tex. Nov. 27,

2019). Yet, the Federal Circuit has clarified that, for a court to hold that a factor favors transfer, the movant need not show an individual factor *clearly* favors transfer. *In re Apple Inc.*, 979 F.3d 1332, 1340 (Fed. Cir. 2020).

## III. ANALYSIS

### A.   Venue and Jurisdiction in the Transferee Forum

The threshold determination in the § 1404(a) analysis is whether this case could initially have been brought in the destination venue—the Western District of Washington. *See Monolithic Power Sys., Inc. v. Meraki Integrated Cir. (Shenzhen) Tech., Ltd.*, No. 6:20-CV-00876-ADA, 2022 WL 958384, at *5 (W.D. Tex. Mar. 25, 2022). Microsoft asserts that this case could have been brought in the WDWA because "Microsoft is headquartered in the Western District of Washington." ECF No. 33 at 4. SurfCast does not dispute this contention. *See generally*, ECF No. 50. This Court finds that venue would have been proper in WDWA had SurfCast filed this case there. Thus, the Court proceeds with its analysis of the private and public interest factors to determine if the WDWA is clearly more convenient than the Western District of Texas ("WDTX").

### B.   Private Interest Factors

#### 1.   Relative Ease of Access to Sources of Proof

"In considering the relative ease of access to proof, a court looks to where documentary evidence, such as documents and physical evidence, is stored." *Fintiv, Inc. v. Apple Inc.*, No. 6:18-cv-00372-ADA, 2019 U.S. Dist. LEXIS 171102, at *5 (W.D. Tex. Sep. 10, 2019). This factor relates to the relative—not absolute—ease of access to non-witness evidence. *See In re Radmax*, 720 F.3d at 288; *In re Apple*, 979 F.3d at 1339. "[T]he movant need not show that all relevant documents are located in the transferee venue to support a conclusion that the location of relevant documents favors transfer." *In re Apple*, 979 F.3d at 1340; *In re Juniper Networks*, 14 F.4th 1313,

4

1321 (Fed. Cir. 2021) ("We have held that the fact that some evidence is stored in places other than either the transferor or the transferee forum does not weigh against transfer.").

The Fifth Circuit has held that, even in the context of electronic documents that can be accessed anywhere on earth, this factor is not superfluous. *See Volkswagen II*, 545 F.3d at 316; *In re Dish Network L.L.C.*, No. 2021-182, 2021 U.S. App. LEXIS 31759, at *6 (Fed. Cir. Oct. 21, 2021). Though having consistently characterized that holding as antiquated in the setting of a modern patent dispute, this Court will continue to analyze this factor with a focus on the location of: physical documents and other evidence; and the hardware storing the relevant electronic evidence. *See Def. Distributed v. Bruck*, 30 F.4th 414, 434 & n.25 (5th Cir. 2022) (giving weight to the location of servers hosting the electronic documents in dispute); *Bluebonnet Internet Media Servs., LLC v. Pandora Media, LLC*, No. 6-20-CV-00731-ADA, 2021 U.S. Dist. LEXIS 137400, at *7 & n.1 (W.D. Tex. July 22, 2021). The Federal Circuit has held, however, that it is error not to also consider: "the location of document custodians and location where documents are created and maintained, which may bear on the ease of retrieval." *In re Google LLC*, No. 2021-178, 2021 U.S. App. LEXIS 33789, at *7 (Fed. Cir. Nov. 15, 2021); *see also Def. Distributed*, 30 F.4th at 434 & n.25 (considering, under this factor, where the "research, design, development, manufacturing, and publishing" of the allegedly offending files occurred). Finally, evidence located at a party's office that is not a "place of regular business" may be discounted. Activities. *In re Google LLC*, No. 2022-140, 2022 WL 1613192, at *4 (Fed. Cir. May 23, 2022).

Microsoft represents that the "accused products were designed, developed, supported, marketed, and sold from Microsoft's headquarters in Redmond, Washington and its nearby Bellevue, Washington offices, in the Western District of Washington." ECF No. 33 at 4 (citing ECF Nos. 33-3 ¶13, 33-2 ¶ 13). It further contends that "evidence — including records relating to

research and design of the accused products, source code, and marketing, sales, and financial information for the accused products — is stored in [WDWA]." *Id.* (citing ECF Nos. 33-3 ¶¶13–14, 33-2 ¶¶ 13–15). Therefore, Microsoft asserts that this factor strongly favors transfer. *Id.*

By contrast, SurfCast concedes that it has no physical sources of proof of its own located inside of the WDTX because they are all located in Washington, D.C. and Maine. ECF 50 at 3. In order to show that this factor weighs against transfer, SurfCast instead relies on the testimony of one Microsoft 30(b)(6) witness who, according to SurfCast, "testified that all technical documents relating to the research and design of the accused Live Tile functionality, including source code, are available electronically." *Id.* at 2. Given Microsoft's offices in WDTX, SurfCast contends that "[b]ecause the relevant Microsoft documentation is accessible via Microsoft's offices in both the Western District of Washington and the Western District of Texas, the availability of those documents do not support transfer." *Id.* at 3.

In addition to the electronic availability of Microsoft sources of proof in WDTX, SurfCast also points to various "third-party sources of proof" that "are available only in the Western District of Texas." *Id.* First, SurfCast contends that one such source of proof is "Zumobi, Inc. . . . a now-defunct company ███████████████████████████████████████████ ████████████████████████████████████████████████████████████ ██████████████████████████████████." *Id.* According to SurfCast, "[o]ne of Zumobi's primary financial backers was Hunt Ventures (a/k/a Hunt Technology Ventures), which was based in Austin." *Id.* SurfCast then argues that because "Zumobi was later acquired by ESW Capital LLC in 2019" and "ESW Capital LLC is headquartered in Austin," the "relevant Zumobi documents will be located in Austin as well." *Id.* at 4. In reply, Microsoft first argues that the "Court should ignore this theory because SurfCast concealed it during venue discovery." ECF No.

51 at 2 (citing ECF No. 51-3 at 2; ECF No. 51-5 at 1–8; ECF No. 51-4 at 74:3–75:4). In the alternative, Microsoft argues that this theory weighs in favor of transfer to Washington because "any ZenZui/Zumobi documents are also likely in Seattle, where the companies were headquartered and their former employees and the 'investor' identified by Santoro (Opp. Ex. 19 ¶ 3) reside." *Id.* at 3.

Second, SurfCast identifies a number of alleged third-party fact witnesses located in or near the WDTX. *Id.* at 4–5. These third-party fact witnesses identified by SurfCast, however, are merely online journalists who happen to be located in Texas and authored articles "on Microsoft products that include the accused Live Tiles functionality." *Id.* In reply, Microsoft argues that "[u]sers and journalists all over the world (including in Washington) have written about Live Tiles, with content substantially identical to what SurfCast cites." ECF No. 51 at 3 (citing various users and journalists in the WDWA who have written on Live Tiles).

Upon review, the relevant sources of proof are located in WDWA, shifting this factor in favor of transfer. Microsoft submitted declarations showing that its relevant documents were created and stored in Washington. *See* ECF No. 33-2 ¶ 14; ECF No. 33-3 ¶ 14; ECF No. 51-1 at 18:2–6, 19:11–20:5. SurfCast's arguments to the contrary that Microsoft's documents are equally available in Microsoft's offices in the WDTX are unavailing because the Federal Circuit has reaffirmed time and again that this factor considers the *relative* ease of access to sources of proof and, as such, district courts are essentially barred from considering the ease of transmission of electronic documents barring exceptional circumstances. *See In re Apple Inc.*, No. 2022-128, 2022 WL 1196768, at *4 (Fed. Cir. Apr. 22, 2022) (first citing *In re Apple Inc.*, No. 2021-181, 2021 WL 5291804, at *2 (Fed. Cir. Nov. 15, 2021), and then citing *In re Juniper*, 14 F.4th at 1321).

Without weighing in on the merits of SurfCast's claims that the Zumobi ██████ ████████████████████████████████████████████████or whether SurfCast hid this theory during discovery, this Court finds that any such evidence relating to Zumobi and Microsoft is neutral with regards to this factor. Both parties have shown ease of access to sources of proof relating to Zumobi in the WDTX and the WDWA. This Court, however, accords little weight to this theory because SurfCast has not presented any specific documents or physical evidence regarding Zumobi in the WDTX.

As to SurfCast's arguments regarding a number of alleged third-party fact witnesses located in or near the WDTX, the Court finds that this evidence is also neutral with regard to this factor. In particular, SurfCast attempts to manufacture venue convenience by presenting individuals of tenuous relevance in Texas. But SurfCast does not contend that these individuals have relevant documents beyond certain online articles, and the articles' content has no special connection to the WDTX. Importantly and as noted by Microsoft, users all over the world (including in the WDWA) have written about the accused "Live Tiles" technology and the Accused Products. Accordingly, the alleged third-party witnesses located in or near the WDTX identified by SurfCast do not weigh against transfer.

Given that Microsoft has shown that there is easier access to sources of proof in the WDWA, and because SurfCast does not identify any specific evidence in or around this District, this factor favors transfer.

2.     Availability of Compulsory Process

Under the Federal Rules, a court may subpoena a witness to attend trial only (a) "within 100 miles of where the person resides, is employed, or regularly transacts business in person"; or (b) "within the state where the person resides, is employed, or regularly transacts business in person, if the person . . . is commanded to attend a trial and would not incur substantial expense."

Fed. R. Civ. P. 45(c)(1)(A), (B)(ii); *Gemalto S.A. v. CPI Card Grp. Inc.*, No. 15-CA-0910, 2015 WL 10818740, at *4 (W.D. Tex. Dec. 16, 2015). Under this factor, the Court focuses on non-party witnesses whose attendance may need to be secured by a court order. *Fintiv*, 2019 U.S. Dist. LEXIS 171102, at *14 (citing *Volkswagen II*, 545 F.3d at 316). This factor "weigh[s] heavily in favor of transfer when more third-party witnesses reside within the transferee venue than reside in the transferor venue." *In re Apple, Inc.*, 581 F. App'x 886, 889 (Fed. Cir. 2014). When "there are several witnesses located in the transferee forum and none in the transferor forum," this factor favors transfer. *In re Google*, No. 2021-171, 2021 WL 4592280, at *5 (Fed. Cir. Oct. 6, 2021).

The Federal Circuit has held that, under Fifth Circuit law, "when there is no indication that a non-party witness is willing, the witness is presumed to be unwilling and considered under the compulsory process factor." *In re HP Inc.*, No. 2018-149, 2018 WL 4692486, at *3 n.1 (Fed. Cir. Sept. 25, 2018); *see also In re Hulu, LLC,* No. 2021-142, 2021 U.S. App. LEXIS 22723, at *10 (Fed. Cir. Aug. 2, 2021) ("[W]here . . . the movant has identified multiple third-party witnesses and shown that they are overwhelmingly located within the subpoena power of only the transferee venue, this factor favors transfer even without a showing of unwillingness for each witness."). Further, this Court cannot "discount" third-party entities having pertinent information in the transferee venue "just because individual employees were not identified." *In re Apple Inc.*, No. 2021-181, 2021 U.S. App. LEXIS 33788, at *8 (Fed. Cir. Nov. 15, 2021) (quoting *In re HP Inc.*, 826 F. App'x 899, 903 (Fed. Cir. 2020)).

Microsoft's Motion claims that the nonparty witnesses with relevant knowledge are former Microsoft employees and that a majority of them would be subject to the subpoena power of the WDWA. ECF No. 33 at 5–6. Microsoft identifies eighteen total former employees with that have relevant information, with fifteen former employees being subject to the subpoena power of the

WDWA. *See id.* First, Microsoft identifies that "five of the Redmond-based employees SurfCast deposed in the previous litigation have since left Microsoft." *Id.* at 5. According to Microsoft, "[t]hree appear to still be in the Seattle area . . . and would be subject to the subpoena power of the Washington Court but not this Court." *Id.* Second, Microsoft identifies seven inventors who are named on the '632 Patent, which is identified in the complaint. *Id.* at 6. According to Microsoft, all seven of these inventors are former Redmond-based Microsoft employees and that six of them remained near Seattle. *Id.* Third, Microsoft identifies twelve former employees as being prior art witnesses for Microsoft's own prior art systems. *Id.* According to Microsoft, six of these twelve former employees are subject to subpoena power of WDWA. *Id.* Finally, Microsoft asserts that it is not aware of any other witness for whom the Court's subpoena power might be relevant. *Id.*

SurfCast identifies two categories of non-parties that reside in or near this district and would require compulsory process. In the first category, SurfCast reiterates a number of the alleged third-party fact witnesses that it identified above in regards to the sources of proof factor above. ECF No. 50 at 6. As discussed above, these third-party fact witnesses identified by SurfCast are merely online journalists who happen to be located in Texas and authored articles "on Microsoft products that include the accused Live Tiles functionality." *Id.* at 4–5. SurfCast contends that these third-party fact witnesses have information "relevant to secondary considerations of nonobviousness." *Id.* at 7–8.

In the second category, SurfCast identifies a number of companies with offices in the WDTX that, according to SurfCast, "are highly likely to possess information relating to the Microsoft's interactions with third parties to develop products with Live Tiles functionality." *Id.* at 6. In particular, SurfCast identifies the following companies: Nvidia Corporation, Qualcomm Inc., Texas Instruments, Inc., Meta Platforms, Inc., Amazon.com, Inc., and eBay, Inc. *Id.* at 6–7.

While Nvidia, Texas Instruments, Meta, Amazon, and eBay have locations in both the WDWA and the WDTX, SurfCast contends that "Qualcomm has a location in Austin, but does not have one in Washington." *Id.* at 7 (citing ECF No. 50-1).

SurfCast objects to all of Microsoft's identified third-party witnesses on the ground that they are only Microsoft's "own former employees" and that Microsoft "provides no detailed information about their knowledge, its relevance to the issues in this case, or why that information cannot be provided by current Microsoft employees." ECF No. 50 at 9.  As for Microsoft's prior art witnesses, SurfCast contends that "they are generally unlikely to testify at trial" and therefore should not be accorded any weight. *See id.* (citing *In re: Hulu, LLC*, 2021 WL 3278194, at *3).

Upon consideration of the evidence and arguments, the Court finds that this factor weighs in favor of transfer. Microsoft identified fifteen former employees being subject to the subpoena power of the WDWA. ECF No. 33 at 5–6. The Court finds significant that SurfCast did not dispute that these fifteen former employees were subject to the subpoena power of the WDWA and instead disputed only their relevance to this case. *See generally*, ECF No. 50. By contrast, SurfCast identified nine third-party witnesses located in or near this district and claimed that "most . . . are subject to this Court's subpoena power." *Id.* at 9. The Court finds SurfCast's argument that Microsoft did not provide information about their knowledge or relevance to the issues in this case without merit. While the Court is sympathetic to SurfCast's argument and always appreciates more detail when deciding venue disputes, Microsoft provided sufficient detail about most of its third-party witnesses. The Court finds especially significant the fact that three of Microsoft's identified third-party witnesses were deposed by SurfCast in a prior litigation involving the same "Live Tiles" technology at issue here. *See* ECF No. 51 at 3–4 (citing ECF No. 51-2 at 7). The Court also rejects SurfCast's argument that Microsoft's prior art witnesses should be given no weight. The

case cited by SurfCast rejected such a "categorical rejection" to prior art witnesses. *See In re Hulu, LLC*, 2021 WL 3278194, at *3.

As to the six third-party companies with allegedly relevant information identified by SurfCast, the Court acknowledges the fact that all six of these companies have regional offices in the WDTX. *See* ECF No. 50 at 6–7 (citing ECF No. 50-14–18). The Court also appreciates the fact that one of the companies, Qualcomm, has an office in the WDTX but does not also have an office in the WDWA. *See id.* SurfCast, however, fails to identify any evidence that the regional Texas offices of these companies had any involvement with the accused "Live Tiles" technology and fails to identify any potential witness from these companies, let alone any potential witness based in Texas. *See id.*

Upon consideration, the Court will, based on the relevant declarations from Microsoft, accord weight to the Washington-based former Microsoft personnel. The Court is satisfied that each has relevant knowledge and resides in Washington. Because they are based in Washington, the transferee court can compel their testimony at trial—this Court cannot.  As to those witnesses whose testimony this Court *can* compel, the Court finds the individuals put forward by SurfCast are of tenuous relevance to this case. On balance, the individual and companies identified by SurfCast are out weighed by the numerous individuals with relevant knowledge in the WDWA. Given that, this factor weighs heavily in favor of transfer. *In re Apple, Inc.*, 581 F. App'x at 889 ("[The compulsory process] factor will weigh heavily in favor of transfer when more third-party witnesses reside within the transferee venue than reside in the transferor venue."). Accordingly, this factor weighs in favor of transfer.

### 3.   Cost of Attendance of Willing Witnesses

The Fifth Circuit established the "100-mile rule," which provides that "[w]hen the distance between an existing venue for trial of a matter and a proposed venue under § 1404(a) is more than

100 miles, the factor of inconvenience to witnesses increases in direct relationship to the additional distance to be traveled." *Volkswagen I*, 371 F.3d at 204–05. Yet the Federal Circuit has refused to apply the rule "rigidly," such as where it may "result in all identified witnesses having to travel away from their home and work in order to testify in Texas, which would 'produce results divorced from' the rule's underlying rationale." *In re Google LLC*, No. 2021-170, 2021 U.S. App. LEXIS 29137, at \*14 (Fed. Cir. Sept. 27, 2021) (quoting *In re TracFone Wireless, Inc.*, 852 F. App'x 537, 539 (Fed. Cir. 2021)). This has led the Federal Circuit to disregard distance altogether in favor of considering travel-time statistics. *See, e.g.*, *id.* at \*12 ("[T]ime is a more important metric than distance."). Or to simply disregard any difference in convenience between the relevant fora where it is comfortable concluding that a witness would have to travel a significant distance regardless of whether the court transfers the action or not. *See In re Apple Inc.*, 979 F.3d at 1342 (discussing witnesses traveling from New York to either Texas or California venues); *In re Genentech, Inc.*, 566 F.3d 1338, 1344 (Fed. Cir. 2009) (stating that the 100-mile rule should not be, "rigidly," applied in the context of foreign witnesses); *In re Pandora Media, LLC*, No. 2021-172, 2021 WL 4772805, at \*6 (Fed. Cir. Oct. 13, 2021). It has even gone as far as opining that "[t]he comparison between the transferor and transferee forum is not altered by the presence of other witnesses and documents in places outside both forums." *In re Toyota Motor Corp.*, 747 F.3d 1338, 1340 (Fed. Cir. 2014); *In re Google*, 2021 U.S. App. LEXIS 29137, at \*12.

The Court holds that this factor favors transfer because of the number of relevant current and former Microsoft personnel with relevant knowledge in the WDWA. The Court also finds that this factor favors transfer because of the failure of SurfCast to point to any specific individuals in or near the WDTX with more than a tenuous relevance to this case.

Microsoft argues regarding three categories of potential witnesses for this case: (1) Current and former Microsoft personnel near the WDWA, (2) witnesses located in or near WDTX, and (3) witnesses located residing outside of both Washington and Texas. ECF No. 33 at 7–9.

First, Microsoft argues that "testifying in Seattle is indisputably more convenient than travelling to Waco" for its own "party witnesses located in or near Redmond." ECF No. 33 at 7. According to Microsoft's declarations, this would include "25 current employees with relevant knowledge in or near Redmond." ECF No. 51 at 1. Microsoft also identifies a third-party witness who was deposed in Seattle in a prior case between the two parties and who still lives in the Seattle area. ECF No. 33 at 7.

Second, Microsoft contends that "there are no known witnesses located near this Court." *Id.* at 7. According to Microsoft, "the relevant work at Microsoft was not done in Texas." *Id.* (citing ECF No. 33-3 ¶¶ 13–14; ECF No. 33-2 ¶¶ 13–14).

Third, Microsoft contends that the remaining "witnesses residing outside of both Washington and Texas, Seattle generally would be more convenient than Waco." *Id.* at 8. According to Microsoft, "[o]ne current Microsoft employee who was deposed in the prior case has relocated to London." *Id.* at 7. Further, Microsoft asserts that the "[t]hree named inventors, who were all deposed in the prior case, appear to be in New York City, Denmark, and Belgium." *Id.* at 7–8 (citing ECF Nos. 1-1, 1-2, 1-3). And Microsoft contends that the "prosecuting attorneys are in South San Francisco, California and Los Altos, California." *Id.* at 8. Finally, Microsoft alleges a number of third-party witnesses "who were deposed in the prior case" who "appear to be in Longmont, Colorado; Tampere, Finland; and Logan, Utah." *Id.* For all of these witnesses, Microsoft cites the Federal Circuit's opinion in *Google*, 2021 WL 4427899 at *4, that "time is a more important metric than distance" in evaluating the relative convenience of two forums. *Id.* at

8. Because "[t]he Seattle-Tacoma International Airport offers direct flights to numerous domestic and international destinations, including London, Helsinki, Amsterdam, New York, San Francisco, San Jose, Denver, and Salt Lake City" and "[t]here is no major airport in the Waco Division of the Western District of Texas," Microsoft contends that "it often takes less time and hassle for a witness to travel to a different forum, such as Seattle, even when the alternate forum is geographically farther away than Waco." *Id.* Thus, Microsoft places a heavy emphasis on whether direct flights are available for the named inventors to the transferee and transferor forums. *See id.*

In response, SurfCast first argues that none of its own witnesses are located in the WDWA. ECF No. 50 at 10. According to SurfCast, "SurfCast's CEO and one of the inventors of the Asserted Patents resides in Lincolnville, Maine, while the other two inventors live in Brussels, Belgium; and Copenhagen, Denmark." *Id.* For the two inventors overseas, SurfCast contends that "travel from Brussels and Copenhagen to either the WDTX or the WDWA would be equivalent." *Id.* And for SurfCast's CEO, SurfCast contends that "the distance from Lincolnville, ME to Waco is approximately 2,055 miles, while the distance from Lincolnville to Seattle is 3,231 miles." *Id.*

As to its nonparty witnesses, SurfCast contends that the "overwhelming majority of relevant nonparty witnesses are in or near this forum." *Id.* Yet again, SurfCast puts forward a number of online journalists of questionable relevance to this case based in or near the WDTX as its "relevant nonparty witnesses." *Id.* at 10–11. SurfCast contends, without citing any authority, that these nonparty witnesses "are accorded more weight in the convenience analysis, the witness inconvenience factor weighs heavily against transfer." *Id.* at 11. Finally, SurfCast addresses Microsoft's former employees. *Id.* SurfCast contends that Microsoft's former employees should be "'discounted or ignored entirely' absent *specific* information about their involvement in the accused products." *Id.* (emphasis in original).

15

Here, the Court holds that this factor favors transfer. As this Court did in *Interactive Graphic Sols. LLC v. Microsoft Corp.*, No. 6:21-CV-00462-ADA, 2022 WL 1314462, at *4 (W.D. Tex. Apr. 20, 2022), the Court quickly disposes of two prevalent arguments in Plaintiff and Defendant's briefing. First, contrary to SurfCast's argument, the Federal Circuit has made clear that party witnesses are not to be afforded less weight. *In re Juniper Networks*, 14 F.4th 1313, 1319 (Fed. Cir. 2021); *see also id.* Second, contrary to Microsoft's Motion, whether direct flights are available to one forum over another is irrelevant. The Fifth Circuit applies the 100-mile rule and the Federal Circuit has emphasized the focus on time away from home when traveling a significant distance. *Interactive Graphic Sols.*, 2022 WL 1314462, at *4. But, absent some remarkable circumstance, whether a direct flight is available has no bearing on this Court's analysis. *Id.*

Of the witnesses identified by the parties, Microsoft named twenty-five that are in the transferee forum and SurfCast named nine of questionable relevance that are located in or near the WDTX. Of the remaining witnesses, one is in Maine, two are in California, one is in Colorado, one is in Finland, one is in Utah, one is in Belgium, and one is in the United Kingdom. In the Court's judgment, the Declarations submitted by Microsoft establish that most of the named witnesses in the WDWA possess relevant and material knowledge for whom the WDWA would be a more convenient venue. On balance, the majority of relevant witnesses reside in or near the WDWA, while none of the credibly relevant witnesses reside in the WDTX. Accordingly, this Court holds that this factor favors transfer.

    4.    <u>Practical Problems</u>

Microsoft and SurfCast both concede that there are no practical problems. Accordingly, this factor is neutral.

C.     **Public Interest Factors**

1.     Court Congestion

The relevant inquiry under this factor is "[t]he speed with which a case can come to trial and be resolved." *In re Genentech*, 566 F.3d at 1347; *In re Apple*, 979 F.3d at 1343. A faster average time to trial means more efficient and economical resolutions of the claims at issue. That said, "[a] court's general ability to set a fast-paced schedule is not particularly relevant to this factor." *In re Apple*, 979 F.3d at 1344. Moreover, when other relevant factors weigh in favor of transfer or are neutral, "then the speed of the transferee district court should not alone outweigh all of those other factors." *In re Genentech*, 566 F.3d at 1347.

Microsoft cites that as of December 31, 2021, the median time from filing to trial in civil cases in WDWA was 26.9 months, compared to 25.5 months in WDTX. ECF No. 33 at 10. Yet, Microsoft also cites WDWA's lower number of pending cases per judge and lower number of pending patent cases as evidence that the Washington is less congested and therefore favors transfer. Microsoft also contends that SurfCast does not allege that it sells a product that uses the Asserted Patents or competes with the Accused Products and is therefore not "in need of a quick resolution because its position in the market is being threatened." ECF No 33 at 11.

By contrast, SurfCast cites a recent opinion of this Court that evaluated the difference in trial times between the WDTX and WDWA. ECF No. 50 at 11–12 (citing *Interactive Graphic Sols.*, 2022 WL 1314452, at *5). In *Interactive Graphic Solutions*, this Court found that "[c]omparison of all WDWA and WDTX cases indicates this factor may be neutral, but a comparison of apples to apples shifts this factor against transfer (under 2-year average in WDTX compared to 3-year average in WDWA)." *Interactive Graphic Sols.*, 2022 WL 1314452, at *5. Thus, SurfCast contends that this factor weighs against transfer for the same reason as in *Interactive Graphic Solutions*.  ECF No. 50 at 11–12.

As it did in *Interactive Graphic Solutions*, the Court finds this factor to weigh against transfer. *Interactive Graphic Sols.*, 2022 WL 1314452, at \*5. The Court, however, understands this is the most speculative factor, *In re Genentech*, 566 F.3d at 1347, and the Federal Circuit has accorded it strikingly little weight in recent history.

2.  Local Interests

Under this factor, the Court must evaluate whether there is a local interest in deciding local issues at home. *Volkswagen II*, 545 F.3d at 317. Local interests in patent case "are not a fiction." *In re Samsung*, 2 F.4th at 1380. "A local interest is demonstrated by a relevant factual connection between the events and the venue." *Word to Info, Inc. v. Facebook, Inc.*, No. 3:14-CV-4387-K, 2015 WL 13870507, at \*4 (N.D. Tex. July 23, 2015). "[T]he sale of an accused product offered nationwide does not give rise to a substantial interest in any single venue." *In re Hoffmann-La Roche Inc.*, 587 F.3d 1333, 1338 (Fed. Cir. 2009). "This factor most notably regards not merely the parties' significant connections to each forum writ large, but rather the 'significant connections between a particular venue and the events that gave rise to a suit.'" *In re Apple Inc.*, 979 F.3d at 1344 (quoting *In re Acer Am. Corp.*, 626 F.3d 1252, 1256 (Fed. Cir. 2010)).

The WDWA has a local interest in this Action and this District has none. Microsoft alleges that "[t]he events underlying SurfCast's infringement claims — *i.e.*, Microsoft's creation, development, and marketing of products with the Live Tiles functionality — occurred at Microsoft's facilities in the greater Seattle area and did not occur in Texas." ECF No. 33 at 11. This factor weighs "strongly in favor of transfer" when "the accused products were designed and developed in the transferee venue and are not related to [the defendant's] presence in Texas." *In re Google LLC*, 2021 WL 4427899, at \*6. Microsoft has a general presence in this District, but this Court would abuse its discretion in according *any* weight to it. *See In re Apple Inc.*, No. 2022-137, 2022 WL 1676400, at \*2 (Fed. Cir. May 26, 2022) ("The court's reliance on [in-district]

offices, which lack such a connection to the locus of the events giving rise to the dispute, amounts to a clear abuse of discretion."). *But see In re Apple*, 979 F.3d at 1352 (Fed. Cir. 2020) (Moore, C.J., dissenting) ("Neither this court nor the Fifth Circuit has held that an accused infringer's general presence in a district is irrelevant to the district's local interest in resolving the case." (citing *In re Acer*, 626 F.3d at 1255–56)). Accordingly, this factor favors transfer.

        3.      <u>Familiarity of the Forum with Law-At-Issue</u>

Microsoft and SurfCast concede that this factor is neutral. ECF No. 33 at 13–14; ECF No. 50 at 12. Accordingly, this factor is neutral.

        4.      <u>Conflict of Laws</u>

Microsoft and SurfCast concede that this factor is neutral. ECF No. 33 at 13–14; ECF No. 50 at 12. Accordingly, this factor is neutral.

## IV. CONCLUSION

Having considered the private and public interest factors, the Court's conclusion for each factor is summarized in the following table:

| Factor | The Court's Finding |
| --- | --- |
| The relative ease of access to sources of proof | Weighs in favor of transfer |
| Availability of compulsory process to secure the attendance of witnesses | Weighs in favor of transfer |
| Cost of attendance for willing witnesses | Weighs in favor of transfer |
| All other practical problems that make the trial of a case easy, expeditious and inexpensive | Neutral |
| Administrative difficulties flowing from court congestion | Weighs against transfer |
| Local interest | Weighs in favor of transfer |
| Familiarity of the forum with the law that will govern the case | Neutral |
| Problems associated with conflicts of law | Neutral |

In establishing that the first three factors weigh in favor of transfer and the local interest factor favors transfer while only the administrative difficulties flowing from court congestion

weighs against transfer, Microsoft has established that the WDWA is a clearly more convenient venue. Microsoft's Motion is therefore **GRANTED**. The Court **ORDERS** that the above-captioned case is transferred to WDWA.

SIGNED this twelfth day of September, 2022.

ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE